SCHERLER v MAPLE HEIGHTS (village)

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11380.   Decided April 27, 1931

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

Turney & Sipe, Cleveland, for Scherler.
R. E. Roehm, Cleveland, for Maple Heights (village).

SHERICK, PJ.

We are of the disposition, however, to so hold in this case that the plaintiffs are not entitled to the relief sought, in this court of equity, for the reasons hereinafter to be enumerated.

Considering the necessity of the improve-

ments we must answer that there is an absence of a showing of fraud or abuse of discretion on the part of the legislative authorities of the village and this being true it is not for this court to determine the necessity for the improvement. That is a matter entirely reposed in the council as a legislative body and it not having been proven to have abused its discretion this court will not interfere.

The second reason urged in support of the relief sought, charged that the plaintiff's property will be damaged by this improvement and turning to the record we are advised that the plaintiffs admit that they were personally served with a proper notice of the passage of the resolution of necessity on or about June 22, 1926, and that they immediately consulted attorneys relative thereto. It is further claimed that they talked to the Mayor of the village within two days of the receipt of the notice and that the Mayor should have said certain things but it seems that the attorneys after this conversation wrote the mayor for information concerning what was proposed to be done in the matter of this improvement and that they were advised of the municipality's procedure and intention to proceed. No written claim for damages was ever filed by plaintiffs as provided by §3823 GC.

We note from the statute that it is provided that "an owner who fails to do so shall be deemed to have waived such damages and shall be barred from filing a claim or receiving damages." This seems to us to be conclusive as against the plaintiffs. The Supreme Court in the case of **Bashore v Brown, Treasurer, 108 Oh St 18**, directly holds in a case in which a property owner sought to enjoin the collection of an assessment for an inter-county highway improvement, and in that case the claimant failed to file objection with the Board of County Commissioners, and the court in commenting therein said, that the Commissioners not having otherwise exceeded their statutory authority that a land owner may not enjoin the collection of an assessment under the authority of §12075 GC when he has failed to file objections thereto with the County Commissioners as required by the statute in such cases; and the court referring to the statute therein in question, which is very similar to §3823 GC, further remarks that the statute furnishes the owner an adequate remedy at law and which if the proceedings are otherwise legal he must pursue before resorting to a court of equity for relief. It must be kept in mind that the proceedings pertaining to the assessment in this case are in no way otherwise questioned and the pronouncement in

that case is decisive of the question presented.

Coming now to the third reason advanced for injunctive relief, that is, that the assessment exceeded the statutory limitation and benefits, we call attention to §3848 GC, in which it is provided that objections to assessments must be filed within two weeks after the expiration of the public notices required to be given by §3895 GC.

It appears from the record that this 14 day period expired on August 4, 1926, and that the plaintiffs filed no objection to the assessments as contemplated to be made, and that on August 18 of the same year, counsel passed the assessing ordinance and authorized the issue of bonds and which were thereafter issued and sold. It does appear, however, that on August 19 a letter was addressed by plaintiffs' counsel to the village registering an objection to the assessment. It is suggested by defendant that the filing of this objection came too late and we find that to be true. The case of **City of Cuyahoga Falls v Beck, 110 Oh St 82**, is decisive of this point.

In the present case it is not contended by plaintiffs that they did not receive notice; and it is held in the case just noted that the failure to file such written objection, likewise constitutes a waiver of the right to question the assessment in a court of equity, under §12075 GC, and that this is so even though the assessment exceeds 33 1-3 percent of the actual value of the lot of land in question after the improvement is made.

The defendant contends that inasmuch as the assessments were made in 1926 and this action was not filed until nearly three years later, that the plaintiffs, by reason of their full knowledge in all matters concerning this improvement and assessment are estopped by their laches. In view of what has been previously said, and what will immediately follow, we do not deem it necessary to pass upon this question.

Referring to the prayer of the petition in this case, we note that it is sought to enjoin the defendant "from causing any change, levy or assessment to be made against the land of the plaintiffs". It may be quickly perceived that at no place is the collection of this assessment asked to be enjoined but in open court the plaintiffs now so request and it appears that the levy, meaning as we understand it to be the certification of the assessment role by the municipal authorities to the County Auditor, was completely done in the year 1926, and not later than 1927. We understand that when an assessment has been so certified that thereafter the municipal authorities

have nothing further to do with reference thereto but that it becomes the duty of the Auditor to place upon the duplicate the special assessment taxes to be collected and which the Treasurer shall collect and we would remark that the County Auditor and the County Treasurer are not made parties to this suit and no order could be made herein in their absence. The levy has already been made and to enjoin collection it is provided by §12077 GC that the tax collecting officials are necessary and proper parties to an action of this character.

The law as applied by the court in the instant case is reluctantly applied in view of the fact that we are of the opinion that the assessments will exceed 33 1-3 percent of the value of the premises after the improvement is completely made, yet the question not having been properly saved, this court of equity is unable to aid plaintiffs. A decree for defendant may be entered accordingly and the petition is dismissed at plaintiffs' costs. An exception may be saved.

LEMERT and MONTGOMERY, JJ, concur.