A91A1029. DAVIS v. JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.
(413 SE2d 224)

ANDREWS, Judge.

Davis appeals the grant of summary judgment to John Hancock Mutual Life Insurance Company in his lawsuit for life insurance benefits.

On December 7, 1987, Davis' wife was treated for facial acne by Dr. William Hayes, a pathologist. Because Hayes had not treated Mrs. Davis in 20 months and because he planned to prescribe a tetracycline treatment, he drew blood and determined that she was suffer-

ing from anemia, a condition he believed was caused by an iron deficiency. Hayes advised Mrs. Davis that she was anemic and that she needed to return for further tests to determine the cause of her condition.

On the evening of the same day, Mrs. Davis and her husband completed an application for "Military Spouse Life Insurance," which policy was underwritten by John Hancock. The application stated that by their signatures, the applicants certified that: "MY DEPENDENT SPOUSE AND CHILDREN age 15 days to 21 years (age 23 if full-time student) ARE IN GOOD HEALTH (Dependent Spouse must also certify [sign] below) and not under medical care, nor ever had **any major illness, injury or disease, i.e., heart disease, cancer, AIDS, etc., nor been confined to a hospital during the past five years. . . . . .NOTE:** If B is not true, describe health problem(s) below (attach sheets as necessary) so that medical evaluation forms can be sent to you, if required." The Davises signed the application and did not attach any extra responses. The policy itself stated that for an applicant to be eligible for insurance it was required that as of the date of application: "The associate member is in good health and is not under medical care and furnishes evidence that satisfies the John Hancock that such person is insurable. But, if on the date the associate member applies, such associate member is not in good health, or is under medical care, or cannot furnish evidence satisfactory to the John Hancock that such person is insurable, the associate member shall not become eligible for insurance until the date the associate member (1) meets the requirements of subdivisions (a) through (d) above; and (2) is in good health, not under medical care, and can furnish evidence which satisfies the John Hancock that such person is insurable."

A policy underwritten by John Hancock was issued and delivered to Mrs. Davis on December 11, 1987, and on the "acknowledgement form" listed December 11 as the effective date of the policy. On December 21, 1987, Dr. Hayes made a preliminary diagnosis that Mrs. Davis was suffering from lymphoma, a malignancy of the cells. This diagnosis was eventually changed to acute lymphocytic leukemia, a malignancy involving the bone marrow, from which Mrs. Davis died on July 1, 1989.

John Hancock denied Davis' claim for life insurance benefits on the basis of Mrs. Davis' alleged misrepresentation and ineligibility regarding her physical condition, and Davis filed this lawsuit. Both parties filed motions for summary judgment, the superior court granted the insurer's motion and from this ruling, Davis appeals.

1. In his first enumeration of error, Davis claims that the trial court erred in granting John Hancock's motion for summary judgment and argues that his wife completed the insurance application in

good faith and there was no misrepresentation, omission or incorrect statement in the application to preclude recovery. John Hancock argues that Mrs. Davis' intent in completing the application was irrelevant and that recovery is precluded since she was not in good health at the time of application.

The trial court did not err in granting summary judgment because Mrs. Davis' application contained materially incorrect statements so as to preclude recovery. OCGA § 33-24-7 (b) provides: "Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: (1) Fraudulent; (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss *if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.*" (Emphasis supplied.)

In determining whether the application contained misrepresentations, omissions, concealment of facts, or incorrect statements sufficient to prevent a recovery under the policy, it is immaterial whether Mrs. Davis acted in good faith in completing the application. *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235, 238 (248 SE2d 635) (1978); *Oakes v. Blue Cross Blue Shield &c.,* 170 Ga. App. 335, 336 (317 SE2d 315) (1984). "In cases where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for a misrepresentation of the applicant made in the application, the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk. OCGA § 33-24-7 (b). This is true although the applicant may have acted in good faith, not knowing that a representation is untrue." *Haugseth v. Cotton States Mut. Ins. Co.,* 192 Ga. App. 853, 854 (386 SE2d 725) (1989). In *Shirley,* the factual situation was similar to the case at bar and the Supreme Court concluded that the trial court had misconstrued the law by requiring that the applicant have actual knowledge of the existence of the disease in order to void the policy.

Viewed in favor of Davis, the opponent of the summary judgment motion, OCGA § 9-11-56, *Eiberger v. West,* 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the uncontradicted evidence established that the incurable leukemia Mrs. Davis suffered from existed on December 7, 1987 when she applied for the insurance, despite the fact that the disease was undiagnosed. Furthermore, testimony from a John Hancock representative was uncontradicted that this information was material and that the company would not have accepted the risk had

Mrs. Davis' actual state of health been known. See generally *Sanders v. Southern Farm Bureau Life Ins. Co.*, 174 Ga. App. 888 (332 SE2d 33) (1985); *Wood v. Nat. Benefit Life Ins. Co.*, 631 FSupp. 6 (N.D. Ga. 1984).

By the clear terms of OCGA § 33-24-7 (b), "incorrect statements" in the application are grounds for voiding a policy. Although this phrase has been construed previously in conjunction with the provisions of subsections (a) and (b) to mean *known* incorrect statements, not objectively untrue statements, see, e.g., *Georgia Intl. Life. Ins. Co. v. Bear's Den*, 162 Ga. App. 833 (292 SE2d 502) (1982), the statute does not so limit the "incorrect statements" which preclude recovery. Although OCGA § 33-24-7 (a) provides that statements made by the insured in the application are representations and not warranties, *Shirley* held that despite this, "misstatements or misrepresentations are *treated* as warranties, for the purpose of preventing a recovery under the policy when they come under any one of the three criteria in § 56-2409. [OCGA § 33-24-7.]" *Shirley,* supra at 238. In clarifying the law regarding this defense, *Shirley* drew no distinction between statements regarding asymptomatic, latent or unknown diseases and diagnosed, manifested diseases. Because *Shirley* explicitly stated that no good faith defense exists for "misrepresentations, omissions, concealment of facts, and incorrect statements," Davis' argument, citing *Fidelity Bankers Life Ins. Co. v. Renew*, 121 Ga. App. 883 (176 SE2d 103) (1970); *Gilham v. National Life &c. Ins. Co.*, 104 Ga. App. 459 (122 SE2d 164) (1961), that a good faith defense for omissions is valid in this case is misplaced.

Here, in light of the incorrect statements Mrs. Davis gave on her application regarding her objective physical condition, her recovery is barred. Although her incorrect statement regarding her physical condition was not fraudulent under § 33-24-7 (b) (1), the uncontradicted evidence established that recovery was barred under subsections (2) and (3). See generally *Hall v. Time Ins. Co.*, 663 FSupp. 599 (M.D. Ga. 1987), reversed on other grounds 854 F2d 440 (1988).

2. Because of our conclusion in Division 1, we will not address Davis' second enumeration of error.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 20, 1991.

*Sprouse, Tucker & Ford, William L. Tucker, T. Michael Jones,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep,*

for appellee.