A91A1703. MILLER et al. v. NATIONWIDE INSURANCE
COMPANY.
(415 SE2d 700)

BIRDSONG, Presiding Judge.

Janet Miller, individually and as next friend of her son, appeals from the grant of judgment notwithstanding the verdict to Nationwide Insurance Company on a claim to recover under a medical insurance policy. The record shows Nationwide denied Miller's claim for medical benefits and canceled her policy after it learned that the medical history in Miller's application for insurance was inaccurate.

Although Miller received a favorable jury verdict and the trial judge entered judgment on the verdict, the trial court later granted Nationwide's motion for judgment n.o.v. Miller alleges the trial court erred by doing so. *Held*:

In Georgia, misrepresentations or incorrect statements on an insurance application do not prevent recovery under the policy unless: (1) fraudulent, (2) material either to acceptance of the risk or to the hazard assumed, or (3) the insurer in good faith would not have issued this policy if the facts had been known to the insurer. OCGA § 33-24-7 (b). As Miller admitted she provided incorrect information to the insurance company, the only question is whether the evidence demanded a verdict for Nationwide on any of the factors stated in OCGA § 33-24-7 (b). See OCGA § 9-11-50 (b). Although evidence was focused on whether Miller intentionally misrepresented her medical history, we need not address that issue. See *Bourne v. Balboa Ins. Co.*, 144 Ga. App. 55, 56 (240 SE2d 261). Nationwide would be entitled to judgment if the evidence showed either that the misstatement was material or that with accurate information Nationwide, in good faith, would not have issued the policy.

The evidence showed that one of the several medical conditions Miller did not reveal resulted in the surgery on which her claim was based, that Miller did not reveal that she had seen a physician for another of her unreported medical conditions only days before completing her application, and that at the time of her application she was regularly taking unreported prescribed medications. A Nationwide underwriter's testimony showed that the misstatements were material and that the policy would not have issued if Miller's actual medical history had been stated in her application. This unimpeached testimony was sufficient to establish those facts. OCGA § 24-4-8; *State v. Stokes*, 185 Ga. App. 718, 719 (365 SE2d 477).

"Ordinarily it is a jury question as to whether a misrepresenta-

tion is material, but where the evidence excludes every reasonable inference except that it was material, it is a question of law for the court. We have examined the record and, contrary to [Miller's] assertions, find no conflicting evidence sufficient to create an issue for the jury in this case. Where the evidence shows that the insurer would not have issued the policy if it had been aware of [Miller's] extensive history of medical problems, the evidence demands a finding that the omissions or misrepresentations . . . were material to the acceptance of the risk. Because the evidence demands a finding that misrepresentations were made on the application of insurance which were material as a matter of law, recovery under the policy is precluded." (Punctuation and citations omitted.) *Smith v. Integon Life Ins. Corp.*, 195 Ga. App. 481-482 (393 SE2d 741). Therefore, the criteria established in OCGA § 9-11-50 (a) were met, and the trial court did not err by granting the motion for judgment n.o.v.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 10, 1992.

*James P. Fields*, for appellants.
*Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel*, for appellee.