A92A0021. LEE v. CHRYSLER LIFE INSURANCE COMPANY.

(419 SE2d 727)

ANDREWS, Judge.

Mrs. Lee, individually and as executrix of the estate of her husband, appeals the grant of summary judgment to Chrysler Life Insurance Company, issuer of a credit life insurance policy on a vehicle purchased by the Lees in August 1989. We affirm.

Viewed with all inferences in favor of Lee, the opponent of summary judgment, the undisputed evidence was that in October 1988, Mr. Lee was diagnosed with a carcinoma of the esophagus. Because of its location, in the middle third of the esophagus, and Mr. Lee's pancreatitis and chronic lung disease, the doctors decided to pursue a course of radiation and chemotherapy treatment. He was referred to an oncologist and radiologist for these treatments. The radiation treatment was administered between October 25 and December 2, 1988. He was admitted to the hospital for five to six days once a month for his chemotherapy treatments. These hospitalizations occurred on October 31, 1988, November 28, 1988, January 10, 1989, and February 6, 1989.

Because of the scarring in his esophagus caused by the treatments, Mr. Lee experienced spasms which caused difficulty with swallowing and choking. In February, a nitro disc was applied to his chest wall to control the spasms. He used the disc until March 2, 1989 when, during a follow-up visit, he advised the doctor it did not seem to be effective. On March 20, 1989, he was hospitalized due to meat becoming lodged in his esophagus. He underwent an endoscopy to remove it. He also underwent a barium swallow x-ray examination. The examining physician reported that "There is a mid esophageal stricture in the region of the patient's previously noted tumor mass. This may be stricture secondary to radiation therapy. However, on the examination, I cannot exclude concurrent tumor in this region."

A follow-up visit occurred on May 11, 1989. On June 8, 1989, another incident of food impaction occurred. He was seen by the doctor again on July 13, after undergoing an esophagus barium swallow on

July 6, 1989.

On August 20, 1989, the Lees signed the application for insurance. It contained the following statement: "Your signature below means that you agree that: . . . 2. You have not, during the last 6 months, been **ATTENDED** by a doctor for any condition of the heart, brain, liver, kidney, lungs, nor for a **CONDITION DIAGNOSED AS CANCER.**" (Emphasis supplied.)

On September 7, 1989, Mr. Lee was seen by the doctor for his routine evaluation. In December 1989, he began having problems again; the cancer was found to have recurred in February 1990; and Mr. Lee died on May 9, 1990 as a result of the cancer and hemorrhaging caused by it.

Claim was made under the credit life insurance policy and denied based on Chrysler's contention that Mr. Lee had been attended by a doctor for a condition diagnosed as cancer during the six months prior to signing the application. Mrs. Lee filed suit for the policy proceeds and Chrysler moved for summary judgment on the theory that Lee's failure to disclose the fact of "attendance by a physician for a condition diagnosed as cancer" upon the application amounted to a material misrepresentation under OCGA § 33-24-7 (b) (2), voiding the policy from its inception.

The sole enumeration is that Chrysler "solicited a construction of its credit life insurance policy contract" and that the court erred in concluding that Mr. Lee had been "attended to" by a doctor for a condition diagnosed as cancer.

OCGA § 33-24-7 (b) provides: "Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: . . . (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; . . ."

In order to prevail, the insurer need only show that the representation was false and that it was material. *Davis v. John Hancock Mut. Life Ins. Co.*, 202 Ga. App. 3, 5 (413 SE2d 224) (1991). Materiality is not contested here, only the question of whether the statement was objectively false.[1] It is contended that it was not because the cancer was in remission at the time the application was completed and the doctor's ministrations to Mr. Lee did not qualify as being "attended by a doctor for a condition diagnosed as cancer."

This argument is hinged on the contention that this phrase is ambiguous in meaning and must be interpreted to mean treatment for an active cancer. "Ambiguity is ' "duplicity, indistinctness, an uncertainty of meaning or expression." ' [Cit.] A word or phrase is am-

---

[1] The subjective belief of the insured is not the issue. *Davis,* supra.

biguous when ' " 'it is of uncertain meaning and may be fairly understood in more ways than one.' " ' [Cit.]" *Jefferson Pilot Life Ins. Co. v. Clark,* 202 Ga. App. 385, 387 (2) (414 SE2d 521) (1991).

This case is very similar to and controlled by *Bergan v. Time Ins. Co.,* 196 Ga. App. 78 (395 SE2d 361) (1990). The argument there was that a preexisting condition exclusion did not prevent recovery because the cancer had not been diagnosed before the effective date of the policy and therefore the insured had received no "medical care, treatment, medicine or advice" for cancer. This court found that, upon finding a mass, a doctor's telling the patient to see a gynecologist and have an ultrasound examination was "advice." Likewise, periodic checkups to see if previously diagnosed cancer has recurred is being "attended by a doctor for a condition diagnosed as cancer."

The fact that a disease is quiescent does not equate to a conclusion that one is not suffering from that disease and being "attended" for it with regular checkups. Cf. *Metropolitan Life Ins. Co. v. Johnson,* 194 Ga. 138 (20 SE2d 761) (1942) (arrested tuberculosis as basis for disability).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MAY 20, 1992 —
RECONSIDERATION DENIED JUNE 11, 1992 —

*Adams & Brooks, John B. Adams,* for appellant.
*Dillard, Landers & Bower, Bryant H. Bower, Jr.,* for appellee.