A92A1781. TAYLOR et al. v. GEORGIA INTERNATIONAL LIFE INSURANCE COMPANY.
(427 SE2d 833)

JOHNSON, Judge.

Mary Adams applied for credit life insurance with Georgia International Life Insurance Company through her creditor and mortgage holder, Trust Company Bank. In the medical history section of her written application, Adams was asked: "Have you ever had . . . Heart or Cardiovascular Disease, . . . ?" Adams answered "no." She was also asked whether she had consulted a physician for other diseases, illnesses, or operations not previously disclosed in the application. Adams answered "yes," and, in the space provided for details in explanation, Adams wrote that she had an eye biopsy in 1988 and that all was "OK."

Georgia International issued the credit life insurance policy. The policy expressly provided that the contract of insurance was comprised of the policy, the written application of the policyholder, and

other documents.

Adams died of a massive intercerebral hemorrhage within nine months of the issue date of the policy. Trust Company Bank, the policyholder, submitted a claim for benefits under the policy in the amount of $20,331.14. As a result of the claim, Georgia International conducted a routine investigation, requesting medical records from Adams' treating physicians. These records indicated that Adams had a history of congenital heart disease, specifically "mitral valve prolapse with mild mitral regurgitation," which had been diagnosed four years prior to the application for credit life insurance. Georgia International refused to pay benefits under the policy because the application Adams submitted contained material misrepresentations and omissions of fact.

Appellants, administrators of Adams' estate, sued Georgia International seeking recovery of policy benefits. Georgia International answered denying that any benefits were due, and counterclaimed seeking rescission of the insurance certificate. The trial court granted summary judgment to Georgia International and this appeal resulted.

In three enumerations of error which are substantially similar, appellants contend that the trial court erred in granting Georgia International's motion for summary judgment, arguing that Adams completed the insurance application in good faith, that there were genuine issues of material fact as to whether appellee would have issued the policy even if Adams' medical condition had been fully revealed in the application, and arguing that there was no misrepresentation, incorrect statement, or omission in the application which would preclude recovery. We disagree.

Misrepresentations, incorrect statements, or omissions of fact on an insurance application do not prevent recovery under the policy unless (1) fraudulent; (2) material either to acceptance of the risk or the hazard assumed; or (3) the insurer in good faith would not have issued the policy if the true facts had been known to the insurer. See OCGA § 33-24-7 (b). In determining whether Adams' application contained misrepresentations which would prevent a recovery under the policy, it is immaterial whether the applicant acted in good faith in completing the application. *Davis v. John Hancock Mutual Life Ins.*, 202 Ga. App. 3, 5 (1) (413 SE2d 224) (1991). To preclude the applicant from recovering under the policy, "the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk." (Citation omitted.) Id.

That Adams suffered from mitral valve prolapse with associated arrhythmias prior to the time she applied for credit life insurance and that she continued treatment through the time of her death is not disputed. This information was not provided in her application for

credit life insurance despite specific questions requesting such information. The affidavit of Hilda Lee, the Supervisor in the Credit Claims Department of Georgia International, established that these incorrect statements were material to company's acceptance of the risk and further established that the certificate of insurance would not have been issued had the true facts of her heart disease been known to the company. There is no evidence in the record to refute this affidavit or to create a genuine issue of material fact concerning the effect of Adams' misrepresentation and her omission of important medical information regarding her history and treatment from her application.

" 'Ordinarily it is a jury question as to whether a misrepresentation is material, but where the evidence excludes every reasonable inference except that it was material, it is a question of law for the court. . . .' [Cit.]" *Miller v. Nationwide Ins.*, 202 Ga. App. 737, 738 (415 SE2d 700) (1992).

We have examined the entire record in this case and, contrary to the appellants' assertions, find no conflicting evidence sufficient to create an issue for the jury. Furthermore, because the uncontroverted evidence established conclusively that the insurer would not have issued the subject policy had it been aware of Adams' history of heart disease and ongoing treatment, a finding that the medical history and treatment omissions from and the incorrect statements in the application were material to the acceptance of the risk was required. Accordingly, the trial court did not err in granting summary judgment to Georgia International.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 11, 1993.

*Russell & Herrera, Dorothea L. Russell, Thomas F. Tierney*, for appellants.

*Fortson & White, Michael D. St. Amand, Frederick W. Ajax, Jr.*, for appellee.