A93A0652. WORLEY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(432 SE2d 244)

ANDREWS, Judge.

State Farm refused to pay medical expenses covered under two health insurance policies issued to Worley, claiming the policy applications contained material misrepresentations which voided the policies. Worley brought this action for breach of contract, and appeals from the grant of summary judgment in favor of State Farm.

Worley applied for the two policies at issue in August 1990. The applications required a yes or no answer to the following question: "Within the last 10 years have you or any named dependent had or been told you had, or been treated for . . . chest pain, high blood pressure, heart murmur, heart attack or other heart disorder?" The question was answered "no" on Worley's applications.

Other evidence showed that in July 1988 Worley filed an insurance application with Prudential Insurance Company, and Prudential responded with a letter requiring an increased premium "because of your heart murmur and abnormal electrocardiogram." Worley admitted making the application, but stated he could not recall receiving the letter, and denied knowing he had a heart problem of any kind until he was diagnosed and treated for congestive heart failure and rheumatic valvular disease in 1991 when he made the present claim on the policies.

Deposition testimony from Worley and his physician further revealed that Worley underwent a physical examination in February 1989. He remembers discussing his history of rheumatic fever as a child, and being referred for tests, but testified he could not remember what kind of tests. Worley's physician testified he and Worley discussed his history of heart murmur, and that his February 15, 1989 examination revealed Worley had a heart murmur related to valvular heart disease. Worley was referred for tests, including an echocardiogram, which also showed mild mitral stenosis and mild aortic calcification. In addition to discussing these matters with Worley, the physician sent a letter to Worley dated March 9, 1989 informing him: "As we discussed, essentially the only major finding was your valvular heart disease, apparently as a result of childhood rheumatic disease. The echocardiogram findings are consistent with mild stenosis of the mitral valve as well as mild regurgitation of the tricuspid valve." Worley admitted receiving the letter, then variously testified that he talked with his physician about the letter; that he could not recall

whether he discussed the letter with his physician, and that he had no discussions with his physician relating to a heart problem.

With respect to the State Farm applications, Worley admitted signing the applications, but testified they were prepared by an employee of the State Farm agent, and that he signed the prepared applications without reading them. He testified he was asked some questions as the applications were being prepared, but he could not remember any specific questions he answered. Worley further stated that he brought the March 9 letter from his physician to the State Farm agent's office at the time the applications were made, although he could not recall whether the agent was given a copy or saw the letter. He testified first that he discussed the letter, and made the agent aware of all the information in the letter, then testified that he could not recall specifically what parts of the letter he discussed with the agent. Although claiming he gave the agent all the information in the physician's letter, and was unaware of the answers filled in by the agent, Worley's opinion was that the "no" response filled in by the State Farm agent on the application question regarding heart murmur or other heart disorders was correct, "because a heart murmur to me is nothing."

In response to State Farm's motion for summary judgment, Worley admitted that in February and March of 1989 he was diagnosed as having a heart murmur, as well as mitral stenosis and aortic calcification. In support of its motion for summary judgment, State Farm filed an affidavit stating that the heart murmur and mitral stenosis conditions which Worley had at the time of the application were material to Worley's insurability, and that State Farm would not in good faith have accepted the risk and issued the policies if it had known of these medical problems.

Worley contends State Farm is estopped to deny liability on the insurance policies under the holding of *Liberty Nat. Life Ins. Co. v. Houk*, 248 Ga. 111 (281 SE2d 583) (1981); see *Stillson v. Prudential Ins. Co.*, 202 Ga. 79 (42 SE2d 121) (1947). *Houk* held that an "insurance company is considered estopped to deny liability on the insurance contract, where the insured has given correct answers to questions in the insurance policy application posed by the insurance agent and the insurance agent, either through fraud or negligence, has filled in the answer incorrectly." Id. at 112. Apparently, Worley's position is that he fully informed the State Farm agent of his heart conditions as diagnosed by his physician (though testifying he did not personally believe he suffered from any heart condition); that the agent filling in the application incorrectly marked "no" in response to the question regarding heart murmur or other heart disorders, and that he did not notice the error.

The deposition testimony upon which Worley relies to create an

issue of fact as to this position is rife with evasive, equivocal and contradictory assertions. Although all evidence on summary judgment is normally construed in favor of the non-moving party, testimony by a non-moving party in his own behalf which is contradictory, vague or equivocal will be construed against such party, unless a reasonable explanation is offered to explain the contradiction. *Prophecy Corp. v. Charles Rossignol Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). Whether such testimony is contradictory, and whether a reasonable explanation has been offered is a question of law for the trial court. Id. at 30; *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474, 475 (359 SE2d 231) (1987). Worley testified he learned of his heart condition for the first time in 1991, after the State Farm policies were issued. He then testified that in 1989, prior to the State Farm applications, he learned of heart conditions diagnosed by his physician, and admitted receiving a letter describing the conditions. Describing the application process, Worley stated he brought the physician's letter describing his heart conditions to the State Farm agent's office, then stated he could not recall whether the agent was given a copy or even saw the letter. He followed this testimony by explaining that he made the agent fully aware of the contents of the letter, then testified that he could not recall what portions of the letter he discussed with the agent. In the absence of any reasonable explanation, application of the contradictory testimony rule requires elimination of the portions of this testimony favorable to Worley's defense that he gave the agent correct answers to the questions on the application regarding his heart condition, and the agent incorrectly filled in the response. *Prophecy Corp.*, supra at 28. Considering the evidence as it stands after eliminating such testimony, we find no evidence that State Farm's agent was correctly informed as to Worley's heart condition, and then fraudulently or negligently inserted an incorrect response on the application. Thus *Houk*, supra, does not apply.

"Where the evidence shows that the insurer would not have issued the policy if it had been aware of the applicant's . . . medical problems, the evidence demands a finding that the omissions or misrepresentations of the applicant were material to the acceptance of the risk. [Cit.] Because the evidence demands a finding that misrepresentations were made on the application of insurance which were material as a matter of law, recovery under the policy is precluded." *Bolin v. Massachusetts &c. Ins. Co.*, 203 Ga. App. 570, 572-573 (417 SE2d 325) (1992); *Miller v. Nationwide Ins. Co.*, 202 Ga. App. 737, 738 (415 SE2d 700) (1992). In order to prevail on summary judgment, the insurer need only show that the representation was objectively false, regardless of the subjective belief of the insured, and that it was material to the extent it changed the nature, extent or character of the risk. *Davis v. John Hancock Mut. Life Ins. Co.*, 202 Ga. App. 3, 5

(413 SE2d 224) (1991); *Lee v. Chrysler Life Ins. Co.*, 204 Ga. App. 550, 551 (419 SE2d 727) (1992); *Taylor v. Ga. Intl. Life Ins. Co.*, 207 Ga. App. 341, 342-343 (427 SE2d 833) (1993); OCGA § 33-24-7 (b). The trial court correctly granted summary judgment in favor of State Farm.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 2, 1993.

*Philip M. Casto*, for appellant.

*Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, Rodney S. Shockley*, for appellee.