A95A1032. HOPKINS v. LIFE INSURANCE COMPANY OF GEORGIA.
(462 SE2d 467)

BEASLEY, Chief Judge.

Hopkins, the beneficiary of a $150,000 life insurance policy issued to her husband, sued Life Insurance Company of Georgia because of its refusal to pay the proceeds of the policy following his death. She appeals from the grant of summary judgment, which was ordered on the ground that material misrepresentations made by Mr. Hopkins in the insurance application precluded a recovery.

In the application, Life of Georgia asked Mr. Hopkins questions such as whether he had had any symptoms of any disease or impairment, any medical or hospital treatment or other checkup or consultation, and any known indication of any nervous or mental disorder. He responded in the negative, failing to disclose the fact that he had undergone a neuropsychiatric evaluation at a Veterans Administration Medical Center (VAMC) approximately 16 months earlier.

In the psychiatrist's report of the evaluation, he stated that Mr. Hopkins "had a mournful expression and a voice of similar quality. 'I've got bad nerves,' he replied when questioned. 'I wake at night, and I jerk. I just can't stand any frustration. I strike out. I get angry

. . . I just have trouble with my feelings. I talked to the lady in Cedartown about my condition. My wife has been urging me to talk to somebody about myself . . . ,' he continued. 'I don't know of any family history of any nervous condition like mine . . . Well, the last few years I just haven't been right. Mentally I haven't been right. I don't care about anything. I don't want to do anything. I cry a lot. I just get upset. I've had the problems really for about a year or more . . .' 'I just got bad nerves. I get stressed out. I need some help. . . .' " The psychiatrist stated that Mr. Hopkins was "obviously depressed" and gave him a diagnosis of "Depressive Reaction."

The underlying basis for summary judgment was that the underwriting manual utilized by the insurer, but not compiled by it, classifies a Depressive Reaction as an "Affective Disorder" and requires a higher premium or declination where, as here, the duration of such an impairment is two years or less. Life of Georgia's underwriting experts testified by affidavit that there is no discretion to place such a diagnosis in a different classification and that the company would not have issued the subject policy if the misrepresentations and contents of the VAMC records had been known.

In opposition, Mrs. Hopkins submitted the affidavit of another insurance underwriting expert. He testified that he would not have classified Mr. Hopkins' Depressive Reaction diagnosis as an Affective Disorder and gave various reasons: Mr. Hopkins applied for a smoker policy, and Life of Georgia issued a policy to him based on standard smoker rates; the VA psychiatrist did not prescribe any medication for Mr. Hopkins or recommend that he undergo hospitalization or treatment; Mr. Hopkins was not having family problems and had not taken time off from work.

Mrs. Hopkins' expert testified that for these reasons, he would have classified Mr. Hopkins' Depressive Reaction as an Anxiety Disorder without significant depression present, under the underwriting manual used by the insurer. This disorder is less severe than an Affective Disorder and does not require either a higher premium or declination. The expert opined that if Mr. Hopkins' diagnosis had been so classified, Life of Georgia would have issued a policy as applied for, i.e., based on standard smoker rates.

In contending that the trial court erred in granting the defendant's motion for summary judgment, Mrs. Hopkins also points out that the cause of Mr. Hopkins' death, approximately four months after he completed the insurance application, was "coronary atherosclerosis with acute occlusion of circumflex coronary artery." He had informed Life of Georgia, in the application, that he was a smoker, that he had had a chest x-ray at the VAMC (at about the same time as the neuropsychiatric evaluation), and that he had a family history of heart attacks and cancer. The psychiatrist stated in his report that

"sufficient material does not surface to support PTSD [post traumatic stress disorder]," which the underwriting manual classifies as an Anxiety Disorder.

Nonetheless, under the manual, the type of psychiatric impairment must be determined from the diagnosis of the attending physician if such a diagnosis is given. The psychiatrist diagnosed Depressive Reaction. The manual classifies this as an Affective Disorder. According to the manual, which indisputably governs, the diagnosis actually given cannot be changed to a different albeit less severe diagnosis, either because the patient's symptoms and characteristics could support a less severe diagnosis or because the psychiatrist rejects a less severe diagnosis on the ground that sufficient material to support it had not surfaced.

Mrs. Hopkins' expert acknowledged that Mr. Hopkins' responses to various questions in the insurance application constituted misrepresentations. Compare *Prudential Ins. Co. of America v. Seagraves*, 117 Ga. App. 480, 481 (2) (160 SE2d 912) (1968). Contrary to other testimony by this expert, the guidelines in the underwriting manual would have required the insurer to either charge Mr. Hopkins a higher premium or decline to issue a policy if it had known of his diagnosis. Therefore, the misrepresentations were material as a matter of law under OCGA § 33-24-7 (b) (2) and (3). See *Davis v. John Hancock Mut. Life Ins. Co.*, 202 Ga. App. 3, 5 (413 SE2d 224) (1991); compare *United Family Life Ins. Co. v. Shirley*, 242 Ga. 235 (248 SE2d 635) (1978); *Ga. Intl. Life Ins. Co. v. Bear's Den,* 162 Ga. App. 833, 837 (3) (292 SE2d 502) (1982) (misrepresentation not material under prudent insurer standard). It is immaterial whether the applicant acted in good faith in completing the application. *Davis*, supra. It is likewise immaterial that he ultimately died from an unrelated cause concerning which there was no misrepresentation. See *Mut. Benefit Health &c. Assn. v. Marsh*, 60 Ga. App. 431 (2) (4 SE2d 84) (1939). Summary judgment was authorized.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 26, 1995.

*Steve Bennett*, for appellant.
*Gorby & Reeves, Martha D. Turner, Michael E. Fisher*, for appellee.