A95A2402. CELTIC LIFE INSURANCE COMPANY v. MONROE.
(467 SE2d 360)

BIRDSONG, Presiding Judge.

Pursuant to our grant of an interlocutory appeal, Celtic Life appeals the denial of its motion for summary judgment in an action brought by Patsy A. Monroe to recover payments for medical treatment under a policy of health insurance issued to her by Celtic Life. Celtic Life contends it is not liable under the policy because Monroe's application for insurance misstated her health history by omitting and falsely stating medical treatment she received and which Celtic Life contends was material to the risk being underwritten and, if known, would have caused Celtic Life not to issue the policy.

Celtic Life's application for insurance contains a section that Monroe was required to complete if she responded affirmatively to a question asking whether she had received any recent medical treatment. According to Celtic Life, Monroe truthfully stated that she had received recent medical treatment, but did not answer truthfully about medical advice, consultation, or treatment she received. Celtic Life states that Monroe only stated that she had undergone a routine examination by a particular physician and that the degree of recovery was "All great — results norm."

Although Celtic Life had the name and address of this physician, it apparently did not verify this information, but issued a policy of insurance to Monroe with two riders: one excluding coverage for allergies and the other excluding coverage for emotional disorders. After the policy was issued, Monroe incurred medical expenses in excess of $11,000 for gall bladder surgery. Celtic Life then conducted a more thorough review of Monroe's medical history and discovered that Monroe had, in fact, consulted with this physician on several occasions and that her recovery was neither great nor normal. Instead, the physician's records showed that Monroe suffered from hyperlipidemia, low back pain, degenerative disc disease leading to a herniated disc, and spondylosis.

Finding that Monroe's statement regarding her medical treatment was purposefully misleading, Celtic Life rescinded the policy and returned all paid premiums to Monroe. Thereafter, Monroe sued on the policy for payment of her medical expenses and Celtic Life moved for summary judgment relying on OCGA § 33-24-7, which allows rescission of an insurance policy if an applicant for insurance fraudulently misrepresented, omitted, concealed, or incorrectly stated facts that were material to the acceptance of the risk or hazard to be

assumed by the issuer; or if the insurer, in good faith, either would not have issued the policy or would not have issued a policy in as large an amount or at the premium charged, or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer. Finding genuine issues of material fact existed, the trial court denied the motion. This appeal followed. *Held*:

1. Celtic Life contends the trial court erred by applying the contradictory testimony rule in this case. Monroe contends, however, that the denial of Celtic Life's motion for summary judgment was warranted under this rule because Celtic Life twice moved for summary judgment and supported the motions with affidavits from the same underwriter that were mutually contradictory. The first motion was supported by an affidavit which stated that if the true facts had been known Celtic Life would not have issued a policy without a policy rider which excluded coverage for the conditions Monroe had concealed. Then, after this motion was denied, Celtic Life filed a second motion, supported by an affidavit from the same underwriter, which stated that because Celtic Life's rules prohibited more than two riders on a policy, Celtic Life would not have issued a policy to Monroe. Considering the affidavits in this case, we find any application of the contradictory testimony rule unwarranted because these affidavits were not mutually contradictory. See *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680). In one affidavit, the underwriter stated one reason for not issuing a policy and in the other affidavit he added an additional reason for not issuing the policy, but neither reason conflicted with the other. Under these circumstances it was error to apply the self-contradictory testimony rule to these affidavits. *Gentile v. Miller &c., Inc.*, supra; *Prophecy Corp. v. Charles Rossignol, Inc.*, supra.

2. Celtic Life further contends the trial court erred by misapplying OCGA § 33-24-7. Monroe contends, however, that the trial court properly denied the motions for summary judgment because no information concerning her gall bladder condition was concealed. Monroe's argument is without merit. The record shows that she concealed information relevant to Celtic Life's decision whether to assume the risk of her medical condition and Celtic Life produced evidence showing it would not have issued the policy if the actual facts were known. Therefore, Celtic Life was entitled to summary judgment. OCGA § 33-24-7 (b); *Davis v. John Hancock &c. Ins. Co.*, 202 Ga. App. 3 (413 SE2d 224). Moreover, application of OCGA § 33-24-7 (b) does not require that the information concealed be connected to the ultimate cause of the loss. *Hopkins v. Life Ins. Co. of Ga.*, 218 Ga. App. 591, 593 (462 SE2d 467); *Jessup v. Franklin Life Ins. Co.*, 117 Ga.

App. 389 (160 SE2d 612). Accordingly, the fact that Monroe did not conceal information about her gall bladder condition is not significant.

As the facts in the record show that Celtic Life demonstrated that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to Monroe, warranted judgment for Celtic Life as a matter of law (OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), the judgment of the trial court must be reversed and the case remanded with direction to enter summary judgment in favor of Celtic Life.

*Judgment reversed and remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 30, 1996.

Smith, Gambrell & Russell, David A. Handley, Glen P. Brock III, for appellant.
Robert A. Burnett, for appellee.

