A06A1916. T. J. BLAKE TRUCKING, INC. v. ALEA LONDON, LTD.

(643 SE2d 762)

ANDREWS, Presiding Judge.

T. J. Blake Trucking, Inc. (Blake) appeals from the trial court's grant of summary judgment to Alea London, Ltd. (London) on Blake's suit to recover for damages to a truck insured under a policy with London. For reasons that follow, we affirm.

On July 16, 2004, Blake's president, Joyce Blake, filled out an application for a property loss/physical damage insurance policy for two dump trucks. The application asked if Blake had had any accidents or theft losses in the last five years. Joyce Blake responded "no" to both questions. On the application, Joyce Blake listed two drivers, Trevor Blake and Bernard King.

The application provided:

It is understood and agreed that any policy issued or any renewal thereof is based on the statements contained herein. I further agree that said policy shall be null and void if these

---

answers are false or given with the intent to deceive, or materially affect the acceptance of the risk assumed by the company.

It is undisputed that there had been accidents and a theft loss in the previous five years. In addition, the policy provided that in the event of a loss involving an unreported driver, the deductible would be $5,000 rather than $1,000.

On August 5, 2004, the insurance company received a phone call from Joyce Blake wanting to add Grover Fann as a driver under the policy. On August 6, 2004, Joyce Blake called London to report that Fann had been involved in an accident while driving one of the insured dump trucks. The accident report stated that the accident was reported four minutes after Blake called to request that Fann be added to the policy. Fann was cited in the traffic report for violating the maximum gross weight authorized for the truck and for disobeying a traffic control device. Fann's driving record showed that he had numerous violations, including a suspended license and reckless driving charges.

London refused to pay for the damage to the dump truck. Blake sued for breach of contract. London filed a motion for summary judgment, submitting the affidavit of Anthony Keenan, president of the insurance company. Keenan stated that he had been writing and brokering insurance policies for 30 years and, based on this experience, he would not have written the policy as issued had he known of the prior accidents and losses. Keenan further stated that had Blake requested coverage for Fann before the accident, London would have denied coverage based on his prior driving record.

The trial court, after a hearing, granted summary judgment to London. This appeal followed.

1. Blake claims on appeal that the trial court erred in accepting the affidavit of Keenan, who was not qualified as an expert witness. Blake cites to no authority and we find none, that says that the affidavit of the person in charge of making the decisions whether and to what extent coverage will be provided is not sufficient in this instance. Indeed, case law shows just the opposite. See, e.g., *Lively v. Southern Heritage Ins. Co.*, 256 Ga. App. 195, 196 (568 SE2d 98) (2002); *Worley v. State Farm &c. Ins. Co.*, 208 Ga. App. 805, 807 (432 SE2d 244) (1993); *Taylor v. Ga. Intl. Life Ins. Co.*, 207 Ga. App. 341, 343 (427 SE2d 833) (1993).

Because Blake has submitted no evidence on this issue, Keenan's affidavit is uncontroverted. Compare *Lively*, supra at 196 (insureds submitted expert affidavit that directly controverted that of insurance company's underwriter, thus creating an issue of fact).

2. Next, Blake claims that the application never became part of the policy and therefore London cannot cancel the contract based on language in the application. But, the trial court's order does not mention the provision in the application. Although the trial court's order states that the "application was incorporated into the policy of insurance later issued by the Defendant," the order cites to OCGA § 33-24-7 as authority for cancelling the policy. This section provides in pertinent part:

> (b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
> (1) Fraudulent;
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
> (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

OCGA § 33-24-7 (b). Accordingly, we find no merit to this enumeration.

3. Next, Blake argues that London was not entitled to summary judgment on the issue of whether the misrepresentations in the application were "material," under the above Code section. We disagree.

The test as to whether the misrepresentation is material is whether there has been a "substantial increase in risk." (Emphasis omitted.) *Preston v. Nat. Life &c. Ins. Co.*, 196 Ga. 217, 237 (26 SE2d 439) (1943). The evidence on this issue, as discussed above, is uncontroverted. The underwriter for the insurance company stated that had the questions been answered truthfully, he would have been unable to write the policy.

4. In light of our holding above, we need not address Blake's remaining enumerations. To the extent that Blake is claiming that all its premiums paid on the policy have not been returned, there is no support for this enumeration in the record and therefore it cannot be addressed on appeal. See, e.g., *Yang v. Washington*, 256 Ga. App. 239 (568 SE2d 140) (2002) (burden is upon the party alleging error to show it affirmatively by the record).

*Judgment affirmed. Barnes, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 28, 2007 —
RECONSIDERATION DENIED MARCH 21, 2007 —

*Thomas L. Murphy*, for appellant.
*LaMalva & Oeland, Paul J. Oeland IV*, for appellee.