23413. NATIONAL ACCIDENT & HEALTH INSURANCE COMPANY *v.* DAVIS.

DECIDED JANUARY 15, 1935.

*Cotterill, Hopkins, Bryan & Ward,* for plaintiff in error.
*Douglas, Douglas & Andrews,* contra.

GUERRY, J. Rufus A. Davis brought suit against the National Accident and Health Company on a certain policy of insurance which insured against sickness. The suit was defended on the ground, among others, that the defendant was not entitled to recover for the reason that the plaintiff had made false answers material to the risk in his application for such insurance, in that he had answered falsely with reference to whether or not he had had medical treatment within the last ten years, and as to the existence of other insurance of a like kind. There is no contention that the answers were not material and that the answer as to other insurance was not false. The application which was *attached to and made a part of the policy* contained the provision that the right to recover thereunder would be barred in the event any of the answers made therein were false and that "the company is not bound by any knowledge of or statements made by or to any agent unless written hereon." The whole case hinges on the construction to be placed on the evidence in reference to the filling out and signing of the application. The plaintiff's evidence showed that he was approached by the agent of the defendant company with reference to taking out this insurance, and that this same agent had written him other like policies at other times in other companies. He refused to talk with the agent and advised him that he was too busy to discuss the matter. The agent insisted that he had a better policy than that sold him last and that if the applicant would give him the old policy he would get "the information off it, and I wont have to bother you answering questions." Plaintiff signed the application in blank and delivered it, together with a prior policy, to

the agent, upon the statement made by the agent that he, the agent, knew all the other necessary facts to properly fill out the application. The policy of insurance in another company delivered to the agent showed the kind of insurance it was, to wit, health, and it also stated that another policy of health insurance was held by the applicant in still another company and a statement as to medical attention given to insured. It was admitted by the plaintiff that other insurance of a similar kind was in existence at the time the answers were made.

Under the answer made by the Supreme Court in questions certified to it in the present case, the fraudulent insertion by an agent of an insurance company of false answers in an application for insurance, without the knowledge of the applicant, where the application is attached to and made a part of the policy issued and delivered to the applicant, which application itself expressly limits the authority of the agent taking the application, does not estop the company from pleading the effect of such false answers, and the applicant, by receiving the policy and relying thereon, will be estopped from proving and pleading the fraud as a defense thereto in all such cases where such fraud and false answers were not secured by a misleading device or artifice perpetrated by the agent, such as reasonably prevented the applicant from reading the application containing the false answers before he signed it, or the wilful changing thereof by the agent without knowledge of the applicant after such signing. He who can read must read, and in the present case the fact that the applicant was busy and signed the application in blank does not amount to an emergency such as will relieve the signer of the effect of the writing. See, in this connection, *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915), and cit. In *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (7) (168 S. E. 903), it was said: "As a general rule fraud voids all contracts. This rule is not applied in its entirety and without reservation to written contracts, for the reason that misrepresentations and false statements will not be heard in contradiction of the terms of a valid written instrument, unless it should appear that the party signing the same has been induced to sign by fraud, trickery, artifice, or emergency, happening at the time of such signing. One about to sign a written instrument can not rely blindly upon the representations of other parties as to its contents, and if, without an emer-

gency or fraud inducing him not to read it, he signs without reading, he can not hold the other party responsible for his statements, though they be false."

Under the facts of this case it is distinguishable from the case of *Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (25 S. E. 333). Some of the admittedly false answers made in the application were material. The application was made a part of and attached to the policy under which the insured was claiming. The false answers were not made, according to the evidence, under such circumstances as would prevent the applicant from being bound thereby. They were not inserted by alteration after the applicant signed, nor was there any misleading artifice or device perpetrated by the agent which prevented the applicant from reading the application. The fact that the applicant was busy and relied on the agent to fill out the application does not prevent such an agent in the case at bar from being the agent of the applicant for that particular purpose. His authority to act for the company is limited by the express terms of the application itself.

We are aware of the seeming conflict of the authorities in this State on this question; but the distinction made by the Supreme Court in this case, 179 *Ga.* 595 (176 S. E. 387), certified to it by this court, will serve to make clear the cases in which each principle will be applied. The evidence, under the law as here construed, did not warrant a verdict for the plaintiff, and it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*