A90A0141. SMITH v. INTEGON LIFE INSURANCE CORPORATION.
(393 SE2d 741)

POPE, Judge.

In July of 1985 plaintiff Bobby L. Smith and his wife Mary, now deceased, signed an application for mortgage life insurance with defendant Integon Life Insurance Corporation. An employee of the bank which extended the mortgage loan testified by deposition that she filled out the application to reflect the information Mrs. Smith provided her. In response to a question asking whether she had "ever had high blood pressure, cancer, a tumor, diabetes, any heart, *lung*, nervous, intestinal, kidney or liver disorder" (emphasis supplied), Mrs. Smith indicated she had high blood pressure and took medication to keep it regulated. In response to a question asking whether, during the last three years, she had been hospitalized or consulted a physician for any reason, Mrs. Smith disclosed only that she had been hospitalized in October 1984, for bronchial pneumonia. Mrs. Smith died in October of 1985 from a lung disorder known as chronic obstructive pulmonary disease. Defendant refused to pay death benefits under the policy pursuant to OCGA § 33-24-7 (b), on the ground that the application contained material misrepresentations or omissions of fact. The trial court granted summary judgment to defendant and plaintiff appeals.

The record shows Mrs. Smith had been hospitalized in March 1985, just four months prior to her signing the application, for treatment of chronic obstructive pulmonary disease. During the three years prior to the date of the application she had been treated on numerous occasions by a physician for respiratory problems including asthma and bronchitis. An officer of the defendant insurance company, who is a medical doctor, testified by deposition that the defendant would have declined coverage if the undisclosed information about Mrs. Smith's medical history had been disclosed on the application.

"Ordinarily it is a jury question as to whether a misrepresentation is material, but where the evidence excludes every reasonable inference except that it was material, it is a question of law for the court." *United Family Life Ins. Co. v. Shirley*, 242 Ga. 235, 236 (248 SE2d 635) (1978). See also *Jefferson Standard Life Ins. Co. v. Henderson*, 37 Ga. App. 704 (141 SE 498) (1928). We have examined the record and, contrary to plaintiff's assertions, find no conflicting evidence sufficient to create an issue for the jury in this case. Where the

evidence shows that the insurer would not have issued the policy if it had been aware of the applicant's extensive history of medical problems, the evidence demands a finding that the omissions or misrepresentations of the applicant were material to the acceptance of the risk. *Oakes v. Blue Cross &c. of Columbus*, 170 Ga. App. 335 (1) (317 SE2d 315) (1984). Because the evidence demands a finding that misrepresentations were made on the application of insurance which were material as a matter of law, recovery under the policy is precluded. See *Jefferson Standard Life Ins. Co. v. Bridges*, 147 Ga. App. 5 (248 SE2d 5) (1978).

The record shows that plaintiff and his deceased wife had negotiated four separate loans with the bank which extended the mortgage loan at issue in this case, dating back to 1971. At oral argument plaintiff's attorney argued that on previous occasions the bank had offered the couple credit life insurance, which is extended automatically upon payment of the premium and does not require the submission of information on the debtor's health. Plaintiff argued that the bank, as agent for defendant insurance company, negligently failed to obtain credit life insurance on behalf of the decedent instead of mortgage life insurance, for which coverage may be denied for health reasons. However, the officer of defendant insurance company testified that credit life insurance is usually issued for smaller loans such as automobile loans but that mortgage life insurance is usually issued for mortgage loans. We note that the earlier loan for which plaintiff purchased credit life insurance, while it apparently involved a second mortgage, was for an amount less than one-third of the amount financed by the loan which forms the basis for this complaint. No evidence was presented that plaintiff would have been eligible for a credit life insurance policy on this mortgage loan. Thus, the record does not create an issue of negligence in procuring the insurance.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 1, 1990.

*Bolton & Park, Arthur K. Bolton, Edd D. Wheeler,* for appellant.
*Beck, Owen & Murray, James R. Fortune, Jr., Evans & Evans, Larry K. Evans,* for appellee.