A92A0318. BOLIN v. MASSACHUSETTS INDEMNITY & LIFE
INSURANCE COMPANY et al.
(417 SE2d 325)

McMURRAY, Presiding Judge.

Appellant brought suit against Massachusetts Indemnity & Life Insurance Company ("MILICO"), A. L. Williams Insurance Services, Inc. ("Williams"), James Belser, Jr., and "John Doe individuals" in the Superior Court of Gwinnett County. The complaint was couched in four counts. In Count 1, appellant sought damages in the amount of $200,000 against appellee MILICO for breach of an insurance contract which MILICO issued to insure the life of appellant's husband, Darryl S. Bolin. In Count 2, appellant asserted that appellees fraudulently induced Darryl S. Bolin "to enter into life insurance contracts and prepaid investment schemes for himself, his wife, and child . . ." In this connection, appellant alleged that appellees led Darryl S. Bolin to believe that false answers on the application for insurance would be immaterial. In Count 3, appellant sought damages for "conspiracy to defraud," alleging appellees conspired to deprive appellant of insurance proceeds after fraudulently inducing Darryl S. Bolin to take out a life insurance policy with MILICO. Finally, in Count 4, appellant alleged that the actions of appellees were "extreme and outrageous" and were tantamount to intentional infliction of emotional distress. Appellees answered the complaint and denied any liability to appellant. Appellant subsequently dismissed the complaint, pursuant to OCGA § 9-11-41 (a), without prejudice.

Thereafter, appellees filed suit against appellant and appellant's

attorneys seeking an award of attorney fees and expenses of litigation pursuant to OCGA § 9-15-14. Appellant answered and counterclaimed, raising the same allegations which she set forth in the original complaint. With that, the trial court entered an order realigning the parties pursuant to OCGA § 9-11-21 and recaptioning the suit filed by appellees. Pursuant to the realignment order, appellant was designated as the plaintiff, appellees were designated as the defendants and plaintiffs-in-counterclaim, and appellant and appellant's attorneys were designated as defendants-in-counterclaim.

Briefly stated, the evidence adduced below demonstrates the following: In addition to being a part-time insurance agent for "A. L. Williams & Associates," appellee Belser was a manager at Nationwide Warehouse & Storage ("Nationwide"). Appellant's husband, Darryl S. Bolin, was an employee of Nationwide and he became interested in purchasing a life insurance policy. Appellee Belser met with appellant's husband at Nationwide to fill out an application for life insurance with MILICO. Appellee Belser asked appellant's husband the questions on the application and recorded the answers. Later, appellant joined her husband at Nationwide. She signed the application on her husband's behalf. Although she had an opportunity to read the application and the answers recorded thereon, she did not do so.

The application provided that the answers provided by appellant's husband "shall constitute the application and shall form the basis of any contract of insurance that may be issued. . . ." It also provided that "no agent of the Company nor any broker is authorized to make or modify contracts or waive any of the Company's rights or requirements."

Several answers recorded on the application were false. Appellant's husband was asked (1) if he had been treated for alcoholism or drug abuse within the previous ten years; (2) if he had been convicted of two or more moving violations or if his driver's license had been suspended or revoked within the previous three years; (3) if he used tobacco within the previous 12 months. These questions were answered "No." (Moreover, appellant signed a separate "Non-smoking Statement" on her husband's behalf which read: "I hereby state that I have not smoked cigarettes in the last 12 months.") In fact, within the relevant time periods, appellant's husband had been treated for alcohol and drug abuse, had been convicted of two "D.U.I." violations, had had his license revoked, and had smoked (and continued to smoke) cigarettes.

Appellee Belser deposed that he never saw appellant's husband smoke or drink and he did not know that the answers supplied by appellant's husband were false. Appellant deposed that appellee Belser knew her husband smoked and that his license had been revoked. Other Nationwide employees deposed that appellant's hus-

band smoked cigarettes at Nationwide and that it was "common knowledge" that his license had been revoked.

Relying upon the answers set forth on the application, MILICO issued a life insurance policy covering the life of appellant's husband. Appellant's husband died not long after the policy was issued and appellant submitted a claim to MILICO. MILICO denied appellant's claim and tendered the premiums that had been paid on the policy to appellant.

Following discovery, appellee Belser moved to dismiss appellant's claims and appellees MILICO and Williams moved for summary judgment. In support of its motion for summary judgment MILICO submitted the affidavit of one of its officers who deposed that if appellant's husband had revealed the true facts about his medical history, personal habits and driving record, MILICO in good faith would not have issued him a life insurance policy. The trial court granted appellees' motions and this appeal followed. *Held*:

1. Pursuant to a motion to compel discovery, appellant sought an order requiring appellees to produce various documents and attend the deposition of a non-party witness. The trial court granted the motions for summary judgment and motion to dismiss without ruling upon appellant's motion to compel. In her first enumeration of error, appellant contends the trial court should have ruled on the motion to compel before granting the appellees' motions. We can discern no harmful error. The deposition or documents sought by appellant would not have added anything of substance to appellant's claim. *Tuck v. Marriott Corp.*, 187 Ga. App. 567, 569 (2) (370 SE2d 795); *Motz v. Landmark &c. Bank of Fort Lauderdale*, 154 Ga. App. 858, 860 (4) (270 SE2d 81).

2. In her second enumeration of error, appellant contends the trial court erred in granting appellee MILICO's motion for summary judgment. In this connection, appellant asserts a genuine issue of material fact exists as to whether MILICO in good faith would either not have issued the policy or would not have issued the policy at the premium rate if the true facts had been known. We disagree.

" 'Ordinarily it is a jury question as to whether a misrepresentation is material, but where the evidence excludes every reasonable inference except that it was material, it is a question of law for the court.' *United Family Life Ins. Co. v. Shirley*, 242 Ga. 235, 236 (248 SE2d 635) (1978). See also *Jefferson Standard Life Ins. Co. v. Henderson*, 37 Ga. App. 704 (141 SE 498) (1928). We have examined the record and, contrary to appellant's assertions, find no conflicting evidence sufficient to create an issue for the jury in this case. Where the evidence shows that the insurer would not have issued the policy if it had been aware of the applicant's extensive history of medical [and non-medical] problems, the evidence demands a finding that the

omissions or misrepresentations of the applicant were material to the acceptance of the risk. *Oakes v. Blue Cross &c. of Columbus*, 170 Ga. App. 335 (1) (317 SE2d 315) (1984). Because the evidence demands a finding that misrepresentations were made on the application of insurance which were material as a matter of law, recovery under the policy is precluded. See *Jefferson Standard Life Ins. Co. v. Bridges*, 147 Ga. App. 5 (248 SE2d 5) (1978)." *Smith v. Integon Life Ins. Corp.*, 195 Ga. App. 481 (393 SE2d 741). The mere fact that appellee Belser may have known that the answers supplied by appellant's husband were false is of no consequence since the application expressly limited the authority of the agent taking it. *National Accident &c. Ins. Co. v. Davis*, 50 Ga. App. 391 (178 SE 320).

3. "To recover in tort for fraud, the plaintiff must prove five essential elements: (1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cits.]" *Bacote v. Wyckoff*, 251 Ga. 862, 865 (310 SE2d 520). In the case sub judice, appellant could not point to any representation made by appellee Belser which induced appellant's husband to answer the application falsely. It follows that the trial court did not err in dismissing the fraud count (Count 2) of the complaint and that the third enumeration of error is without merit.

Assuming, arguendo, that appellee Belser did make a misrepresentation concerning the false answers and that appellant and appellant's husband justifiably relied upon the misrepresentation, we would conclude, nonetheless, that the fraud count of the complaint was properly dismissed. "[W]e have found no authority indicating an applicant may recover from the agent for fraud in making material misrepresentations for the purpose of inducing an insurer to provide coverage which the applicant could not otherwise obtain." *James, Hereford & McClelland, Inc. v. Powell*, 198 Ga. App. 604, 606 (402 SE2d 348).

4. In her fourth enumeration of error, appellant contends the trial court erred in granting appellee Williams' motion for summary judgment. We disagree.

The liability of appellee Williams was predicated solely on the theory of vicarious liability. Since appellant cannot recover against appellee Belser, see Division 3, she cannot recover against appellee Williams. See *Roadway Express v. McBroom*, 61 Ga. App. 223 (6 SE2d 460). It follows that the trial court did not err in granting appellee Williams' motion for summary judgment.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

574

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Novy & Jaymes, Eugene Novy, Deborah M. Vaughan,* for appellant.

*Booth, Wade & Campbell, Douglas N. Campbell, Nancy S. Parker,* for appellees.