A92A2363. BURKHOLDER v. FORD LIFE INSURANCE
COMPANY.
(429 SE2d 344)

COOPER, Judge.

Appellant, a widow whose husband had a credit life insurance policy with appellee, brought this action to collect on the policy. She appeals from the trial court's order granting summary judgment for appellee on the grounds of a material misrepresentation on the policy application as well as appellant's lack of standing to collect on the policy.

We view the record in the light most favorable to appellant as the nonmoving party on a motion for summary judgment. Approximately three months before his death, appellant's husband purchased a new Ford automobile. He also purchased a credit life insurance policy with appellee, the purpose of which was to pay off or reduce the debt on the vehicle in the event he died before the loan on the vehicle was paid in full. He had similar policies with appellee on other Fords he purchased since 1983, and appellant says her husband would not have traded the old Ford for a new one if he could not continue that practice. Bank South was listed on the policy as the creditor beneficiary, and the husband's estate was listed as the second beneficiary.

At the time appellant's husband purchased the car and insurance, he had a history of heart disease dating back to 1983, including a heart attack and a stroke, and also had lung cancer for which he was being treated with chemotherapy and radiation. Nonetheless, he signed a statement on the policy application saying that, to the best of his knowledge, he was in good health. Appellant says she told appellee's representative that she and her husband needed a reliable car to drive back and forth to the hospital in Augusta because her husband was "very sick," but acknowledges she never gave him any specifics regarding her husband's illness. Appellant also asserts her husband looked ill at the time of the purchase. After her husband died from cardiopulmonary arrest resulting from lung cancer, appellant provided the car dealership with a copy of his death certificate. When the claim on the policy was denied, she filed this action.

1. Appellant argues that her claim should not be barred by her husband's misrepresentation on the policy application that he was in good health because appellee's representative knew her husband was very sick when he accepted the application. A misrepresentation on an insurance application will bar recovery under the policy if the misrepresentation is material or the insurer in good faith would not have issued the policy if the true facts had been known, regardless of whether the applicant acted in good faith in completing the application. See *Davis v. John Hancock &c. Ins. Co.*, 202 Ga. App. 3 (1) (413 SE2d 224) (1991); OCGA § 33-24-7 (b). Moreover, the uncontradicted

affidavit of appellee's agent stating that appellee would not have issued the policy in this case had it known of appellant's husband's medical condition precludes any genuine issue of fact with respect to materiality and whether the insurer in good faith would not have issued the policy. See *Davis*, supra; *Taylor v. Georgia &c. Ins. Co.*, 207 Ga. App. 341 (427 SE2d 833) (1993). Appellant asserts that if an insurance company's agent has knowledge that an applicant has a medical problem at the time the applicant signs the application saying that he does not, the insurance company cannot rely on the misrepresentation as a defense. See *Piedmont &c. Ins. Co. v. Gunter*, 108 Ga. App. 236 (1) (132 SE2d 527) (1963). However, the agent's knowledge must be *actual* rather than constructive (i.e., it is not enough that the agent should have known of a medical problem from the applicant's physical appearance or should have inquired further). See *Interstate Life &c. Co. v. Bess*, 35 Ga. App. 723 (3) (134 SE 804) (1926). Moreover, the agent's knowledge of the medical problem must be specific rather than general, as the insurer may be willing to assume the risk of insuring someone who is generally unhealthy but not someone who suffers from a specific disease. Cf. *Jefferson Standard Life Ins. Co. v. Bridges*, 147 Ga. App. 5 (2) (248 SE2d 5) (1978) (insurer not estopped from relying on misrepresentation defense as matter of law where it knew insured had been hospitalized the previous month but did not know he had epilepsy); *Jessup v. Franklin Life Ins. Co.*, 117 Ga. App. 389 (2) (160 SE2d 612) (1968) (knowledge that insured was an alcoholic did not constitute knowledge that insured had been hospitalized for acute gastroenteritis and cerebral concussion). In this case, even if appellant's assertions are accepted in the light most favorable to her, the agent's knowledge that appellant's husband was "very sick" did not constitute knowledge that he had previously suffered both a heart attack and a stroke and was currently being treated for lung cancer. Accordingly, the trial court properly granted summary judgment for appellee on this ground.

2. Because we have concluded that summary judgment was correctly granted on the merits of the claim, we need not address appellant's argument that the trial court erred in ruling that appellant was not the proper party to assert the claim.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1993.

*Richard Phillips*, for appellant.
*Mack & Bernstein, Adam J. Conti, Jeffrey B. McClellan, Darrell T. Farr*, for appellee.