A95A1443. GRAPHIC ARTS MUTUAL INSURANCE COMPANY v. PRITCHETT et al.
(469 SE2d 199)

BEASLEY, Chief Judge.

Defendant Graphic Arts Mutual Insurance Company appeals from the denial of its motion for summary judgment and the grant of partial summary judgment to plaintiffs Donald and Linda Pritchett. They seek to recover under an insurance policy for the value of property destroyed by fire, interest, and statutory penalties and attorney fees for bad faith refusal to pay the claim.

The application for insurance was executed only by Donald Pritchett, although both plaintiffs were named insureds. Graphic Arts contends the policy was void because Donald made a material misrep-

resentation on the insurance application. He answered "no" to the question whether he had had any insurance policy canceled within the three years preceding the application when, in fact, he had had three such cancellations, including a policy with Utica Mutual Insurance Company, the corporate parent of Graphic Arts. The insurance agency which sold the Pritchetts the Graphic Arts policy, Dean & Moore Insurance, Inc., had also sold the Pritchetts the Utica policy, although through two different agents.

1. Graphic Arts contends the court erred in ruling it was estopped from asserting the policy was void because of Donald Pritchett's misrepresentation about the canceled Utica policy. The court determined Graphic Arts had actual knowledge of the falsity because its agent, Dean & Moore, secured it. The agent must have *actual* knowledge in order for such knowledge to be imputed to the insurer/principal. *Burkholder v. Ford Life Ins. Co.*, 207 Ga. App. 908, 909 (1) (429 SE2d 344) (1993).

Graphic Arts contends that the only person with actual knowledge of the canceled Utica policy was the former agent of Dean & Moore who in fact took the Utica application. It argues that since the agent had no knowledge of the prior Utica cancellation, knowledge cannot be imputed to Graphic Arts. OCGA § 10-6-58 provides that "[n]otice to the agent of any matter connected with his agency shall be notice to the principal." The "agent," for purposes of determining whether OCGA § 10-6-58 applies, is Dean & Moore and not merely either of the individuals working for the agency: "[A corporation] cannot escape liability on the ground that the agent who actually performed the forbidden act on behalf of the corporation was entirely innocent, in that such agent lacked knowledge which was possessed by other agents of the corporation, or which is attributable to it as being a part of its documents and records. A company is chargeable with the composite knowledge acquired by its officers and agents acting within the scope of their duties. [Cits.]" *Walker v. State*, 89 Ga. App. 101, 105 (78 SE2d 545) (1953). See also *Gem City Motors v. Minton*, 109 Ga. App. 842 (137 SE2d 522) (1964). Dean & Moore's knowledge is actual, not merely constructive. See *Copeland v. Leathers*, 206 Ga. 280, 286-287 (2) (56 SE2d 530) (1949), and cases cited therein. Thus Graphic Arts is estopped from declaring the policy void on account of the misrepresentation as it related to the Utica cancellation.

2. The trial court determined that whether the misrepresentations as to the State Farm and Allstate canceled policies could be used by Graphic Arts to void the policy was a jury question. Consequently, it denied Graphic Arts' motion for summary judgment. Graphic Arts asserts, correctly as to the two unknown cancellations, that it was entitled to rely on Donald Pritchett's representation in the

application that "no" insurance had been declined, canceled or non-renewed in the three years prior to the date of application. Although Graphic Arts relies on OCGA § 33-24-6 (c) to support this position, this Code section applies only to statements involving applications for life or accident and sickness insurance. See, e.g., *Fidelity Bankers Life Ins. Co. v. Renew*, 121 Ga. App. 883, 884 (2) (176 SE2d 103) (1970). However, OCGA § 33-24-7 (a) provides that statements in applications are "representations" and subsection (b) states the circumstances under which an insurer can avoid the policy for *"(m)is*-representations, omissions, concealment of facts, and incorrect statements." (Emphasis supplied.) Thus it is implicit that an insurer is entitled to rely on statements of an applicant as true, without conducting an independent investigation. Of course, it assumes a risk, because recovery on policies issued on such representations is prevented only in the three instances in the statute. The burden on the insurer is to prove one of them.

OCGA § 33-24-7 (b) provides in the part invoked by Graphic Arts: "Misrepresentations . . . shall not prevent a recovery under the policy . . . unless . . . (3) The insurer in good faith would . . . not have issued the policy . . . if the true facts had been known." Graphic Arts contends that it is entitled to summary judgment because the uncontroverted evidence shows that it would not have issued the policy to the Pritchetts had it known the true facts regarding the prior cancellations.

The Pritchetts do not dispute that these cancellations occurred in 1990, and according to the affidavit of James Reilly, Underwriting Manager for Utica National Insurance Group, "Under [applicable] underwriting guidelines, Graphic Arts Mutual Insurance Company would not have issued a homeowners policy to an application [sic] who had had a policy or binder.declined, cancelled or non-renewed." The Pritchetts agree that Reilly testified "that Appellant would not have issued the policy had it known of any one of the previous cancellations." Their apparent position, that the estoppel related to the Utica policy also estopped Graphic Arts from claiming it would not have issued the policy sued on had it known of either of the other two cancellations, is not sound. It is evident that Graphic Arts was literally unaware that it had canceled the Utica policy, but we have concluded that it knew of it as a matter of law because another agent at the same agency had secured it for the Pritchetts. This conclusion does not controvert Reilly's statement of fact or raise a triable issue as to whether Graphic Arts in good faith would have issued the instant policy despite knowledge of the State Farm and/or the Allstate cancellations.

As in *Burkholder*, supra, 207 Ga. App. at 908 (1), the uncontradicted affidavit of the insurer that it would not have issued the policy

in question had it known the truth regarding the insured's condition precludes any genuine issue of fact with respect to whether the insurer in good faith would not have issued the policy. That being the case, Graphic Arts was entitled to summary judgment. See also *Worley v. State Farm &c. Ins. Co.*, 208 Ga. App. 805, 807 (432 SE2d 244) (1993); *Bolin v. Mass. Indem. &c. Ins. Co.*, 203 Ga. App. 570, 572 (2) (417 SE2d 325) (1992); *Miller v. Nationwide Ins. Co.*, 202 Ga. App. 737 (415 SE2d 700) (1992); *Davis v. John Hancock &c. Ins. Co.*, 202 Ga. App. 3, 4-5 (1) (413 SE2d 224) (1991).

3. Graphic Arts submits that the court erred in ruling Linda Pritchett's claim was unaffected by any of Donald Pritchett's misrepresentations. We must decide if voiding the policy because of Donald's misrepresentations relating to the State Farm and Allstate canceled policies voids the policy completely or only as to him.

The trial court ruled that *Fireman's Fund Ins. Co. v. Dean*, 212 Ga. App. 262, 263-265 (1) (441 SE2d 436) (1994), was controlling so that, as a matter of statutory construction of OCGA § 33-32-1 (a), which relates to minimum policy language protection for insureds prescribed by the State Insurance Commissioner in the Standard Fire Policy, the policy was not void as to Linda Pritchett since she did not participate in the misrepresentation. In *Dean*, a panel of this Court was asked to determine whether an insured's estate should be protected from fire insurance policy language holding it responsible for the misconduct of another insured. The court determined that under Georgia law an insurance policy is void for misrepresentation by "the insured," and the use of "the insured" in the fraud clause of the Standard Fire Policy must be construed to provide several obligations as to each co-insured. *Dean*, supra at 265, citing *Richards v. Hanover Ins. Co.*, 250 Ga. 613 (299 SE2d 561) (1983).

Graphic Arts argues that *Dean* does not apply in this case, since the company relied on no policy language to void the Pritchett policy, but instead on OCGA § 33-24-7 (b) (3). We agree. *Dean* and related cases deal with whether breach of a condition by one co-insured under an existing policy bars the innocent co-insured from recovery under that policy. In this case, no policy had been issued when Donald made the misrepresentations. Graphic Arts would not have issued the policy as to any of the Pritchetts had it known of the misrepresentations regarding the canceled Allstate and State Farm policies, and Linda is thus barred from recovery as well.

In addition, Donald acted as Linda's agent in making the misrepresentations; that also bars her recovery. See *Vickery Ins. Agency v. Chambers*, 215 Ga. App. 48 (449 SE2d 885) (1994). "The principal shall be bound by all the acts of his agent within the scope of his authority." OCGA § 10-6-51. Where a spouse is permitted to manage and control property or is allowed to deal with it so as to induce

others to believe that he is acting as the authorized agent for the other spouse, such facts are sufficient to establish the agency in favor of third persons who deal with the spouse, where the other spouse knows of the situation and makes no objection. *Vickery*, supra at 50. *Aronoff v. Woodard*, 47 Ga. App. 725 (5) (171 SE 404) (1933); *Brogdon v. Hallman*, 119 Ga. App. 464, 465 (2) (167 SE2d 673) (1969). The Dean & Moore agent who took the Pritchett application was entitled to rely on the fact that Donald was acting on his own behalf and as Linda's agent. Linda cannot now demand recovery where she has ratified all actions of Donald relating to applying for the policy at issue by demanding its benefits.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 20, 1995 —
RECONSIDERATION DENIED MARCH 5, 1996 — ▋▋▋▋▋▋▋

▋▋▋▋▋▋▋▋▋▋▋▋▋▋

*Drew, Eckl & Farnham, Kenneth A. Hindman*, for appellant.
*Avrett, Ponder & Withrock, R. Mike Withrock*, for appellees.