A99A2063. MANLEY et al. v. WILLIS et al.
(526 SE2d 370)

ELLINGTON, Judge.

Larry and Brenda Manley sued Cotton States Mutual Insurance Company and its agent, Jim Willis, for damages arising from the cancellation of their farm owners' fire policy which provided coverage for

property damage and personal liability. The trial court granted the defendants' motions for summary judgment. The Manleys appeal and contend that material questions of fact preclude summary judgment. We disagree and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the evidence shows that Cotton States initially covered the Manleys' farm in 1987 and renewed the policy annually for ten years. Several applications signed by the Manleys indicated that no business other than farming was being conducted on the property. Throughout the coverage period the Manleys boarded and trained horses on the property. Beginning in 1995, the Manleys conducted horse shows and rodeo-type events to which the public was invited through advertisements. The Manleys contend that they discussed the nature and extent of their horse-related activities with Willis throughout the coverage period. Willis, however, specifically denied knowing about the Manleys' commercial horse business before December 1997.

In December 1997, Willis informed Cotton States for the first time that the Manleys were conducting a commercial horse business on their farm. It is undisputed that Cotton States had no actual knowledge of the Manleys' commercial horse business before December 1997. In January 1998, Cotton States issued a notice of cancellation of the policy, giving "change in exposure: horse operations" as the reason for the cancellation. The Manleys claim that due to the "stigma of cancellation," they have lost the ability to obtain insurance at normal rates, and "it is the increase in insurance premiums over standard rates which constitute the actual damages" they seek. The Manleys do not seek coverage for any loss they have sustained, nor do they claim that Cotton States did not comply with applicable notice requirements. See OCGA §§ 33-24-46 (c) (1); 33-24-44.

1. Cotton States' right to cancel the Manleys' policy was limited by contract and by statute. The policy provided three reasons that Cotton States could terminate the Manleys' renewal policy: (1) because the policy was obtained through material misrepresentation, fraudulent statements, omissions or concealment of fact material to

the acceptance of the risk or to the hazard assumed by Cotton States; (2) because there has been a substantial change in the risk assumed by Cotton States since the policy was issued; or (3) because wilful and negligent acts or omissions by the Manleys had substantially increased the hazards insured against. These contractual protections closely tracked the statutory limitation on the cancellation of residential fire renewal policies. See OCGA § 33-24-46 (c) (2).

There can be no question that both the risk of property damage and the risk of personal liability increase dramatically when premises are used to conduct horse shows and rodeos with public attendance than when those same premises are used as a residence and for ordinary farm activities only. See *Pearl Assurance Co. v. Southern Wood Products Co.*, 200 F2d 898 (5th Cir. 1952) (applying Georgia law) (converting premises from a warehouse and office building into a plywood manufacturing plant constituted a material increase in hazard sufficient to void policy); *American Ins. Co. v. Peyton*, 272 F2d 58 (4th Cir. 1959) (applying Virginia law) (where premises insured as an "owner occupied dwelling" were used as a lunchroom and concession store, such use constituted an increase in the hazard sufficient to suspend coverage); *McCoy v. Pacific Coast Fire Ins. Co.*, 164 S2d 386 (La. App. 1964), rev'd on other grounds, 178 S2d 761 (La. 1965) (where premises were insured as apartments, operating a restaurant on the premises constituted an increase in the hazard sufficient to void the policy); 19 ALR3d 1336, § 3 (a).

There was no evidence before the trial court that Cotton States cancelled the Manleys' policy for any reason other than that given in the cancellation notice: that there had been a change in the risk which it had assumed. Both Georgia law and the contract permitted cancellation for such a substantial increase in the hazard the policy insured against. OCGA § 33-24-46 (c) (2) (C). Because Cotton States cancelled the Manleys' policy in compliance with the contract and with applicable regulations, summary judgment on their wrongful cancellation claim was appropriate.

2. With regard to the Manleys' claim against Willis, the insurance agent, we have found no authority for holding him individually liable for Cotton States' cancellation of the Manleys' policy. Further, it is undisputed that Willis personally had no part in the decision to cancel the Manleys' policy. To the extent that the Manleys claim that Willis is individually liable because he knew about their horse business, knew that Cotton States would not insure their farm and residence if he disclosed the horse business, and negligently or fraudulently "concealed the existence of the commercial activity in which the [Manleys] were engaged from his principal Cotton States" so that Cotton States would issue a policy it would otherwise refuse, the Manleys have not stated a viable claim under Georgia law. "We have

found no authority indicating an applicant may recover from the agent for fraud in making material misrepresentations for the purpose of inducing an insurer to provide coverage which the applicant could not otherwise obtain." (Citation and punctuation omitted.) *Bolin v. Mass. Indem. &c. Ins. Co.*, 203 Ga. App. 570, 573 (3) (417 SE2d 325) (1992). Because the Manleys have not stated a claim for holding Willis personally liable for Cotton States' cancellation of the policy, the trial court did not err in granting Willis's motion for summary judgment. See 17 Encyclopedia of Ga. Law, Ins., § 308.1.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 30, 1999.

*Martin L. Fierman*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Scott W. Boak, Ashley E. Sexton, Bovis, Kyle & Burch, James E. Singer, Jana B. Tabor*, for appellees.