[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14729
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00056-JEC

JERIMAH MERRITT,
as assignee of Campana Technology, Inc.,

Plaintiff - Appellant,

versus

HUB INTERNATIONAL SOUTHWEST AGENCY LIMITED,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 20, 2012)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jerimah Merritt appeals the summary judgment in favor of Hub International Southwest Agency Limited. Merritt sued Hub for negligence, tortious interference, breach of contract, and breach of fiduciary duty. We affirm.

Merritt was injured while working on a stamping press at Campana Technology, and Merritt filed a complaint that alleged his injuries were the result of negligent repairs made by Campana. Campana failed to submit a timely claim to its insurer, Fireman's Fund Insurance Company, purportedly because of the advice of its insurance agent, Hub. Hub also did not notify Fireman's Fund about the lawsuit. Fireman's Fund refused to defend or indemnify Campana, and Campana withdrew its answer to Merritt's complaint. After a Georgia court entered a default judgment of more than $14 million in favor of Merritt, Campana assigned its claims against Fireman's Fund and Hub to Merritt.

Fireman's Fund filed a complaint for a declaratory judgment that the insurance policy issued to Campana as a manufacturer of wooden cabinets did "not provide coverage" for repairing machinery and that Merritt could not "execute or collect the judgment or prosecute any claims or causes of action owned by [Campana]." Fireman's Fund alleged that Campana had made misrepresentations and concealed facts that had been material to "acceptance of the risk or hazard" and that "would have prevented . . . issu[ance] [of] the policy"

2

had the "true facts [been] known." Fireman's Fund also alleged that Campana and Merritt had "collud[ed] to defraud" Fireman's Fund. Later, the parties entered a settlement, and Fireman's Fund dismissed its complaint.

Merritt filed in a Georgia court a complaint against Hub, and Hub removed the action to the district court. Hub moved for summary judgment, which the district court granted. The district court ruled that Merritt's claims failed for lack of proof of proximate cause and because Hub could not interfere tortiously with an insurance contract that it had brokered and could not breach a contract to which it was not a party.

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1335 n.4 (11th Cir. 2011). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court correctly entered summary judgment in favor of Hub. Merritt contends that Hub lacked standing to argue lack of coverage, but Merritt confuses the issue. The uncontraverted evidence established that Hub was not the proximate cause of the damages incurred by Campana and assigned to Merritt. Under Georgia law, which the parties agree applies, the alleged wrongdoing of an

3

insurance agent is not the proximate cause of the insured's denial of coverage unless coverage would have been available but for the agent's wrongdoing. Conner Ins. Agency, Inc. v. Strauch, 402 S.E.2d 129, 130 (Ga. App. 1991); Peagler and Manley Ins. Agency, Inc. v. Studebaker, 275 S.E.2d 385, 386 (Ga. App. 1980). Hub established that Campana would have been denied coverage because misrepresentations in its application for insurance voided the insurance policy. See Ga. Code Ann. § 33-24-7(b); Nappier v. Allstate Ins. Co., 961 F.2d 168, 170 (11th Cir. 1992). Hub introduced the application for insurance in which Campana stated that it was in the business of manufacturing cabinets, and Hub introduced the declaration of Joanne Padavano, the underwriter for the Campana policy, that Fireman's Fund would not have issued the policy had it known that Campana also repaired machinery. See Celtic Life Ins. Co. v. Monroe, 467 S.E.2d 360, 362 (Ga. App. 1996); Graphic Arts Mut. Ins. Co. v. Pritchett, 469 S.E.2d 199, 202 (Ga. App. 1995) (affirming summary judgment on uncontradicted affidavit of underwriter). Merritt argues, for the first time on appeal, that Padavano's declaration is opinion testimony insufficient to support a summary judgment, Hub is estopped from asserting rescission as a defense, and Fireman's Fund waived its right of rescission, but this Court will not consider arguments raised for the first time on appeal. See Access Now, Inc. v. Sw. Airlines, Co., 385 F.3d 1324, 1331

4

(11th Cir. 2004).

We **AFFIRM** the summary judgment in favor of Hub.