A99A1047. THOMPSON v. PERMANENT GENERAL ASSURANCE CORPORATION.
(519 SE2d 249)

Judge Harold R. Banke.

Permanent General Assurance Corporation ("PGAC") refused to pay a collision claim on its auto insurance policy issued to Michael Thompson. PGAC contended that Thompson had made a material misrepresentation in the insurance application, which voided the policy. Thompson sued PGAC on the claim, and the trial court granted PGAC summary judgment. On appeal Thompson contends the evidence was disputed whether the misrepresentation was material.

On September 6, 1995, Thompson with the help of an insurance agent completed and signed a PGAC insurance application listing himself and his wife as the covered drivers. He elected liability, uninsured motorist, and collision coverage. Where the application asked him to list any other persons living in his household who were 14 years old or older, "None" is typed. In fact, Thompson had a 15-year-old unlicensed daughter at home. The policy issued effective September 6.

As the policy neared time for its first annual renewal, Thompson on August 28, 1996, paid the renewal premium and told the insurance agent that his now 16-year-old daughter had just received her learner's permit and needed to be added to the policy. The agent responded that he would first need some license information on the daughter and that the premium would increase. On September 4 the daughter was driving the insured car and totaled the vehicle. On September 6 Thompson gave the daughter's license information to the agent and paid the increased premium, resulting in a renewal of the policy with the daughter now listed as a covered driver. In response to the collision claim filed regarding the September 4 accident, PGAC declined coverage, claiming the misrepresentation in the insurance application voided the policy. *Held*:

As in *Hicks v. American Interstate Ins. Co. &c.*, 158 Ga. App. 220, 221 (1) (279 SE2d 517) (1981), it is important to note at the outset that the fact that the daughter was driving the covered vehicle at the time of the collision and whether or not coverage extended under that circumstance are not relevant to this appeal. The issue is whether or not Thompson's failure to list the daughter's name on the application was a misrepresentation material to the risk of insuring the car, which would void the policy.

Misrepresentations, incorrect statements, or omissions of fact on an insurance application do not prevent recovery under the policy unless (a) fraudulent, or (b) material either to acceptance of the risk or the hazard assumed, or unless (c) the insurer in good faith would not have issued the policy in the amount and at the rate charged if the truth had been known to the insurer. OCGA § 33-24-7 (b); *Taylor v. Ga. Intl. Life Ins. Co.*, 207 Ga. App. 341, 342 (427 SE2d 833) (1993). To void the policy, the burden rests on the insurer to show that the misrepresentation was material to its acceptance of the terms of the policy. *Jackson Nat. Life Ins. Co. v. Snead*, 231 Ga. App. 406, 410 (3) (b) (499 SE2d 173) (1998). "A material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance." (Citation and punctuation omitted.) Id.; *Ga. Intl. Life Ins. Co. v. Bear's Den*, 162 Ga. App. 833, 838 (3) (292 SE2d 502) (1982). Because this is a question for the jury, summary judgment is error absent undisputed evidence that allows no inference other than materiality. *Snead*, 231 Ga. App. at 410 (3) (b); *Bear's Den*, 162 Ga. App. at 838 (3).

Here the misrepresentation is that Thompson had no household members over the age of 14 other than himself and his wife, when in fact he had a 15-year-old unlicensed daughter living at home. PGAC has presented no evidence showing that this omitted fact would have affected its decision to accept the risk at the premium stated. At most PGAC has submitted an affidavit from a claims manager that PGAC would not have issued the policy at the initial premium rate if a student driver had been added to the application for policy. But PGAC has submitted no evidence that Thompson's daughter was a student driver at the time of the September 1995 application or that at that time she drove the covered car or was to be added to the policy as a covered student driver.

To the contrary, PGAC's own evidence confirms that she received her learner's license just before the August 1996 request to add her to the policy, which is when she began driving the covered car. Accordingly, the affidavit concerning increased rates for adding student drivers to policies is hardly relevant in determining whether Thompson's failure to list his unlicensed 15-year-old daughter, who

was not driving the car, affected PGAC's decision to accept the risk at the stated rate.

Other evidence further disputes that this omission was material. When Thompson told the insurance agent of the daughter's existence in August 1996, PGAC, which was imputed with the agent's knowledge (see *Patriot Gen. Ins. Co. v. Millis*, 233 Ga. App. 867, 870 (1) (506 SE2d 145) (1998)), did not immediately declare the policy void. In fact, the agent readily described the means and increased premium needed to add her as a licensed driver to the policy, and PGAC unquestioningly renewed the policy with her as a covered driver.

Such facts not only indicate the misrepresentation may have been immaterial, but also raise the possibility of waiver. After learning of a misrepresentation in the application, an insurer waives the defense that the misrepresentation voided the policy if it treats the policy as valid and binding and retains the insured's premiums as earned. *Florida Intl. Indem. Co. v. Osgood*, 233 Ga. App. 111, 113 (1) (503 SE2d 371) (1998). Because one can hardly renew something that is dead, PGAC's renewing the policy is one indication that the policy was not void. *State Farm Fire &c. Co. v. Jenkins*, 167 Ga. App. 4, 6 (1) (305 SE2d 801) (1983). There also being no indication that the initial premium was returned, waiver may have occurred.

Because there are disputed issues of fact as to the materiality of the misrepresentation and as to waiver, the trial court erred in granting PGAC summary judgment. This ruling moots the other enumeration of error.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 7, 1999.

*Goddard, Thames, Hammontree & Bolding, Matthew D. Thames*, for appellant.

*Angela M. Cirina*, for appellee.