Luther v. Choice Plus of New England, No. 423-8-03 Wncv (Katz, J., July 15, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                                          SUPERIOR COURT
Washington County, ss.:                                      Docket No. 423-8-03 Wncv


WILLIAM LUTHER

v.

CHOICE PLUS OF NEW ENGLAND


ENTRY


Plaintiff Luther seeks coverage under his employer-provided health plan for medical bills incurred by the daughter of his ex-wife; coverage was denied on the ground that the daughter was not a covered dependent under the policy.

At the time Luther filled out the application to enroll in the health plan, he was divorced from his ex-wife, though he continued to live with her and her two daughters. He listed all three as dependents on the enrollment form; the daughters have a last name different from that of their natural mother or Luther.

The plan covers employees and certain dependents. Among other dependents, the plan covers "[s]tep-children who reside in the Employee's

household . . . as long as a natural parent remains married to the Employee and also resides in the Employee's household." Plan at 2. The plan also provides that "At any time, the Plan may require proof that a Spouse or a child qualifies or continues to qualify as a Dependent as defined by this Plan." *Id*. at 3. There is no dispute that Luther characterized his ex-wife's daughters as his step-daughters on the enrollment form. The characterization was incorrect under the unambiguous terms of the plan because, as noted, Luther was divorced from the daughters' mother at the time of application.

The following year, one of the daughters incurred significant medical bills, which the provider submitted to the plan for payment. It was then first discovered by administrators of the plan that the daughter was not a "step-daughter" and therefore was not a covered dependent. The claim was denied. The plan then promptly refunded all related premiums and commissions to the bank account of the employer, as plan sponsor. No premiums were retained as earned.

Luther makes what we consider essentially a waiver argument: the plan should not be able to rescind the policy and deny the claim because he filled out the application in good faith (honestly considering the daughter to be his step-daughter), and the plan accepted the premiums on that basis and then failed to deny coverage until after the medical services were provided. See *Merit Behavioral Care Corp. v. State Independent Panel of Mental Health Providers*, 2004 VT 12, ¶ 19 (noting that equitable estoppel and waiver "are often used interchangeably in insurance law").

Before addressing whether it might be waived, we evaluate the right to rescind in these circumstances. "When a party relies on the doctrine of equitable rescission to avoid a contract, five elements must be proven: '(1) a representation, (2) falsity, (3) materiality, (4) an intent to induce the other to act or refrain from acting, and (5) justifiable reliance.'" *Rubes v. MEGA Life and Health Ins. Co., Inc.*, 642 N.W.2d 263, 269 (Iowa 2002) (quoting *Hyler v. Garner*, 548 N.W.2d 864, 872 (Iowa 1996)). There is no real dispute about whether Defendant has proven these elements in this case,

2

only whether it matters that the false representation (the status of the alleged dependent as a step-daughter) on the application was made in good faith. Generally, it does not matter. Defendant need not prove any "intent to deceive" to support a right to rescind. See *id.*

An insurer may waive a right to rescind "by recognizing the validity of the policy and continuing it in force after knowledge of circumstances entitling it to avoid the policy." *Wilson v. State Farm Fire and Casualty Co.*, 761 So.2d 913, 920 (Miss. Ct. App. 2000). Retaining the premiums as earned after knowledge of grounds to rescind strongly suggests that the policy is treated as valid, and the right to rescind is waived. *Thompson v. Permanent General Assurance Corp.*, 519 S.E.2d 249, 251 (Ga. Ct. App. 1999).

The undisputed facts of this case show that the plan took action to rescind the policy as soon as it learned of the grounds for doing so. It then retained no premiums or commissions as earned. Its right to rescind was not waived. Given this conclusion, we need not address Defendant's other arguments.

Defendant's motion for summary judgment is granted. All other motions are denied as moot.

Dated at Montpelier, Vermont, _____,
20___.

_____
Judge