A09A0619. POPE et al. v. MERCURY INDEMNITY COMPANY OF GEORGIA.

(677 SE2d 693)

BLACKBURN, Presiding Judge.

This is an action for rescission of a homeowner's insurance policy issued by Mercury Indemnity Company of Georgia ("Mercury") to Lawrence and Susan Pope. The Popes appeal from the trial court's order granting summary judgment in favor of Mercury, asserting that the trial court erred: (1) in finding that the Popes made a material misrepresentation to Mercury to induce it to reinstate the insurance policy in question; (2) in failing to consider

536

evidence showing that the Popes never received the required notice of cancellation of that policy; and (3) in finding that Mercury was not bound by statements regarding the policy's coverage made by the independent insurance agent through whom the Popes procured the policy. Discerning no error, we affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law.

*Smith v. Atlantic Mut. Cos.*[1]

So viewed, the record shows that in July 2004 the Popes, acting through their independent insurance agent, Gerald Woodworth, applied for a homeowner's insurance policy with Mercury. Woodworth assisted the Popes in filling out Mercury's application for insurance and in response to specific questions thereon, the Popes indicated that they had a swimming pool, a diving board, and a trampoline. In conjunction with that application, Mrs. Pope wrote a check for the premium and executed two policy form endorsements. One of those endorsements excluded policy coverage for liability arising out of the ownership or use of the trampoline and the other excluded coverage for losses caused by dogs. Pursuant to this application, Mercury issued Homeowner's Policy Number GH 38000694 ("the Policy") to the Popes, with effective dates of July 13, 2004 to July 13, 2005.

On August 20, 2004, an underwriter at Mercury sent a notice to Woodworth informing him that a cancellation notice was being mailed on the Policy "due to the insured having a diving board and a trampoline. Please do not resubmit this risk to Mercury." Cancellation notices were mailed August 23, 2004 to both Woodworth and the Popes, stating that the reason for the cancellation was that the Popes' "application [was] not accepted during [the] initial underwriting period." Mercury also sent the Popes a check, refunding their policy premium. Sometime after that, Woodworth spoke with the Mercury underwriter, who agreed that Mercury would reinstate the Policy upon receipt of the trampoline exclusion and a picture of the Popes' swimming pool with the diving board removed.

Woodworth then told the Popes that to keep their insurance in effect, they would need to remove the diving board from their swimming pool and provide him with photographic proof of the

---

[1] *Smith v. Atlantic Mut. Cos.*, 283 Ga. App. 349, 350 (641 SE2d 586) (2007).

board's removal, which he would then send to Mercury. Mr. Pope then took down the diving board, took a picture of his swimming pool with the diving board removed, and provided that picture, together with the premium-refund check, to Woodworth, who forwarded those documents to Mercury. Mercury then reinstated the Second Policy, effective September 3, 2004. Sometime after providing Mercury with the picture of the swimming pool with the diving board removed, Mr. Pope reinstalled the board.

Both Mr. Pope and Woodworth agree that, at the time Mr. Pope removed the diving board, they had a conversation about how any reinstallation of the board would affect policy coverage. Woodworth testified that he told Mr. Pope there would be "no coverage." Mr. Pope and a former employee of Woodworth's, however, each testified that Woodworth told Mr. Pope that if he replaced the diving board, there would be no coverage under the Policy for any claims related to the use of the same.

On July 5, 2005, the Popes' property sustained significant tornado damage. After they made a claim under the Policy for that damage, Mercury sent a claims adjuster to the Popes' residence. The claims adjuster took pictures of the damage, and one of those pictures showed the swimming pool with the diving board reinstalled. Mercury thereafter initiated the current action, seeking to rescind the Policy based upon the Popes' material misrepresentation that they had permanently removed their diving board. The Popes filed a counterclaim, seeking coverage under the Policy for the tornado damage to their property as well as damages for bad faith and attorney fees.

Following discovery, Mercury moved for summary judgment on its claim for rescission, and the Popes filed a cross-motion seeking judgment as a matter of law on their claims for policy coverage and bad faith damages. The trial court entered an order granting Mercury's motion and denying the Popes' and holding that Mercury was entitled to rescind the Policy. This appeal followed.

1. Under OCGA § 33-24-7, "[m]isrepresentations, omissions, concealment of facts, and incorrect statements" made by an insured during negotiations for an insurance policy will bar recovery under that policy where they were "[m]aterial either to the acceptance of the risk or to the hazard assumed by the insurer; or" where "[t]he insurer in good faith would ... not have issued the policy or contract ... if the true facts had been known to the insurer. ..." OCGA § 33-24-7 (b) (2), (b) (3). To avoid coverage under this statute, "the insurer need only show that the representation was false and that it was material." (Punctuation omitted.) *White v.*

*American Family Life &c. Co.*[2] "A material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance." (Punctuation omitted.) *Jackson Nat. Life Ins. Co. v. Snead.*[3] While ordinarily the question of materiality is for the jury, "where the evidence excludes every reasonable inference except that [the misrepresentation] was material, [the issue becomes] a question of law for the court." (Punctuation omitted.) Id.

The unrefuted evidence in this case shows that the presence (or absence) of a diving board on the Popes' property was material to Mercury's decision as to whether to insure the Popes. Mercury originally cancelled the Policy because of the presence of the diving board, and agreed to reinstate the same only after receiving proof that it had been removed. Additionally, Mercury's director of underwriting averred that "Mercury does not . . . provide coverage to homeowners who have diving boards even if they expressly waive coverage for an injury associated with the use of the diving board" because "Mercury is not willing to underwrite that risk." He further testified that Mercury would not have reinstated the Policy if the Popes had not removed the diving board and submitted photographic proof of its removal. Nor would Mercury have reinstated the Policy had it known that the Popes were planning to reinstall the diving board.

Based on this evidence, the trial court properly concluded that the Popes made a material misrepresentation to Mercury — i.e., that the diving board had been permanently removed. "Where the evidence shows that the insurer would not have issued the policy if it had been aware of [the true facts], the evidence demands a finding that the omissions or misrepresentations were material to the acceptance of the risk." (Punctuation omitted.) *Miller v. Nationwide Ins. Co.*[4]

The Popes nevertheless contend that the trial court erred in granting summary judgment to Mercury because the misrepresentation regarding the removal of the diving board was not in their application for insurance. To the contrary, that application showed that the Popes did have a diving board. This argument, however, ignores the plain language of OCGA § 33-24-7 (a), which provides that material misrepresentations will bar coverage where they are made either "in any application for an insurance policy . . . *or in*

---

[2] *White v. American Family Life &c. Co.*, 284 Ga. App. 58, 61 (643 SE2d 298) (2007).
[3] *Jackson Nat. Life Ins. Co. v. Snead*, 231 Ga. App. 406, 410 (3) (b) (499 SE2d 173) (1998).
[4] *Miller v. Nationwide Ins. Co.*, 202 Ga. App. 737, 738 (415 SE2d 700) (1992).

*negotiations for such.*" (Emphasis supplied.) See also *Marchant v. Travelers Indem. Co. &c.*[5] ("[a]ny verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true") (punctuation omitted). Here, the Popes agreed to remove the diving board and provide photographic proof of its removal in exchange for Mercury reinstating their insurance policy. Clearly, therefore, the misrepresentation occurred as part of a negotiation for insurance.

The Popes further argue that summary judgment was inappropriate because they were never informed "that the presence of a diving board was material to [Mercury's] decision to provide [them] with" homeowner's insurance. The evidence, however, simply does not support this assertion. Rather, it shows that a notice of cancellation was mailed to and received by the Popes; that thereafter their agent informed them he needed a picture of their swimming pool without the diving board; and that after they provided the agent with that picture, they were aware that their insurance with Mercury had been continued. Additionally, Mr. Pope freely admitted that, after he gave the picture of the swimming pool without the diving board to Woodworth, he asked him what effect the reinstallation of the diving board would have on the Popes' homeowners policy. All of this evidence shows that the Popes were aware that the presence (or absence) of the diving board was material to Mercury's decision to insure them.

Moreover, the Popes' argument ignores the fact that they were obligated to deal with their insurance company truthfully, regardless of whether they thought the facts in question were material. See, e.g., *White*, supra, 284 Ga. App. at 62. Additionally, OCGA § 33-24-7 does not require that an insurer prove the insured's knowledge of either the materiality or the falsity of the misstatement or omission at issue. Id. Nor is the fact that the Popes' loss was unrelated to their use of the diving board relevant in determining whether their misrepresentation regarding the board's removal should void coverage. *Celtic Life Ins. Co. v. Monroe*[6] ("OCGA § 33-24-7 (b) does not require that the information concealed be connected to the ultimate cause of the loss"); *Hopkins v. Life Ins. Co. of Ga.*[7]

2. The Popes further claim that the trial court failed to consider evidence showing that they had no knowledge of Mercury's cancellation of the policy, in August 2004. This lack of notice meant that they could not have made a misrepresentation during the reinstate-

---

[5] *Marchant v. Travelers Indem. Co. &c.*, 286 Ga. App. 370, 373 (2) (650 SE2d 316) (2007).

[6] *Celtic Life Ins. Co. v. Monroe*, 220 Ga. App. 38, 39 (2) (467 SE2d 360) (1996).

[7] *Hopkins v. Life Ins. Co. of Ga.*, 218 Ga. App. 591, 593 (462 SE2d 467) (1995).

ment process, and therefore in the negotiation of insurance, because they were unaware of the process and did not participate in the same. Again, however, this argument is directly contravened by the evidence of record.

The record contains two separate copies of the August 2004 notice of cancellation sent by Mercury, one that was addressed to the Popes at what they admit was their correct address, and one that was addressed to Woodworth. In his deposition, Mr. Pope acknowledged receiving the notice of cancellation mailed to the Pope residence and discussing the same with Woodworth. In light of this evidence, Mr. and Mrs. Pope's assertions, made in their affidavits given in opposition to Mercury's summary judgment and in support of their own, stating that they did not receive the notice of cancellation, are insufficient to create a factual question precluding summary judgment. See, e.g., *Gentile v. Miller, Stevenson & Steinichen, Inc.*[8] ("the rule that a party's self-conflicting testimony is to be construed against him [will apply] to testimony presented in response to a motion for summary judgment" where no "reasonable explanation of the contradiction is offered").

The evidence also shows that the Popes made the material misrepresentation regarding the removal of their diving board in an effort to have the Policy reinstated. Specifically, the record reflects that the Popes removed their diving board and provided photographic proof of that removal in September 2004, after the Popes would have received the notice informing them their policy was being cancelled. And, after that time the Popes were aware that their insurance with Mercury remained in effect. This evidence was sufficient to establish that the Popes participated in the reinstatement process and, in doing so, made a material misrepresentation to Mercury — i.e., that the diving board had been permanently removed.

3. The Popes further claim that there was a material issue of fact as to whether Woodworth was Mercury's agent and, therefore, whether the company was bound by Woodworth's alleged representation to the Popes (namely, that if they reinstalled the diving board, there would be no coverage for liability arising from the use of the same, but that coverage would not otherwise be affected). We disagree.

It is undisputed that Woodworth was an independent insurance agent and "[i]ndependent agents or brokers are generally considered the agent of the insured, not the insurer." *Kirby v. Northwestern Nat.*

---

[8] *Gentile v. Miller, Stevenson & Steinichen, Inc.*, 257 Ga. 583 (361 SE2d 383) (1987).

*Cas. Co.*[9] The fact that Woodworth was, in fact, the Popes' agent instead of Mercury's is demonstrated by the testimony of Mr. Pope and Woodworth. Mr. Pope testified that, as of 2004, Woodworth had been his agent for approximately 13 to 14 years; that Woodworth had previously placed his homeowner's insurance with other companies; that he relied on Woodworth's recommendations with respect to such insurance; and that he moved his homeowner's insurance to Mercury after Woodworth called him and recommended the change. Woodworth stated that he was an independent insurance agent, who wrote policies for a number of companies, and confirmed that he was the Popes' insurance agent, as opposed to Mercury's. The trial court properly relied on this testimony to find that Woodworth was the Popes' agent, and not Mercury's. Id. See also *Kinard v. Nat. Indem. Co.*[10] (Woodworth "specifically denied that he was [Mercury's] agent, and that bare denial constitutes a statement of fact, which in this case was not challenged by any competent evidence").

Nor is there any evidence to support the Popes' argument that a material issue of fact exists as to whether Woodworth was Mercury's apparent agent. "To prove apparent or ostensible agency, the evidence must show: (1) the apparent principal represented or held out the apparent agent; and (2) justifiable reliance upon the representation led to the injury." (Punctuation omitted.) *Kinard*, supra, 225 Ga. App. at 178 (1). "There is no evidence that [Mercury] held out [Woodworth] as an agent; nor is there evidence that [the Popes] justifiably relied upon such a representation. In the absence of both factors, we find this argument without merit." *Kirby*, supra, 213 Ga. App. at 678 (2).

In light of the foregoing, we affirm the trial court's order granting summary judgment in favor of Mercury and against the Popes.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED APRIL 9, 2009 —
RECONSIDERATION DENIED APRIL 17, 2009 

*Fears, Lawrence & Turner, William H. Turner, Jr., Douglas R. Ballard, Jr.,* for appellants.

*Goodman, McGuffey, Lindsey & Johnson, Robert M. Darroch,*

---

[9] *Kirby v. Northwestern Nat. Cas. Co.*, 213 Ga. App. 673, 678 (2) (445 SE2d 791) (1994).

[10] *Kinard v. Nat. Indem. Co.*, 225 Ga. App. 176, 178 (1) (483 SE2d 664) (1997).