A11A1879. MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY v. GORDON et al.
(726 SE2d 562)

PHIPPS, Presiding Judge.

Minnesota Lawyers Mutual Insurance Company (MLM) appeals from the trial court's order granting summary judgment to Pamela Y. Gordon, Courtney Harris, individually and d/b/a Windy Peach Properties, LLC (Harris), and others in MLM's declaratory judgment action. MLM contends that although it denied coverage to its insured, Gordon, because it had asserted a proper claim for rescission of the underlying insurance policies, it was entitled to a trial on that claim. We disagree and affirm.

The facts are not in dispute. MLM issued liability insurance policies to Gordon, an attorney. Gordon acted as the closing agent in a November 2005 sale of property owned by Harris. Gordon called on MLM to provide a defense and liability coverage for claims asserted against her by Harris and others arising out of the closing. MLM initially provided a defense to Gordon, but reserved its rights under the policies.

On March 9, 2007, MLM filed a complaint for declaratory judgment against the Defendants. MLM contended that the liability policy it issued to Gordon, effective June 6, 2005 to June 6, 2006 (the "first policy") excluded coverage for Gordon's fraudulent and criminal acts. MLM sought a declaration that it had no liability to the Defendants with respect to the claims arising out of the closing or for Gordon's alleged failure to pay off certain debt encumbering Harris's

property, and that it had no obligation to defend Gordon.

MLM amended the complaint five times. The first amendment sought a declaration that the policy MLM issued to Gordon effective June 6, 2006 to June 6, 2007 (the "second policy") was void ab initio, and that the first policy and the second policy were both void. MLM also interpleaded certain premiums paid on the first policy and the second policy. After Harris filed a counterclaim,[1] MLM filed a second amended complaint asserting claims for damages against Harris for civil conspiracy and fraud. In its third and fourth amendments to the complaint, respectively, MLM added as defendants the title insurance company and a surviving spouse of one of the original defendants. In the fifth amendment to the complaint, MLM added a claim that "[a] declaratory judgment should issue holding the First and Second Policies of insurance void as to Gordon and as to the other parties to this suit." According to MLM, Gordon made misrepresentations to MLM in applying for the first policy and the second policy, and those misrepresentations were material to MLM's decision to issue the policies and entitled MLM to void the policies.

On September 2, 2010, MLM sent Gordon a letter notifying her that MLM was denying coverage, withdrawing a defense, and voiding the first and second insurance policies. Two weeks later, Harris moved to dismiss MLM's complaint or, alternatively, for summary judgment. MLM waived its right to 30 days' notice, and the trial court heard arguments on Harris's motion on September 20, 2010. The following day, the trial court held a bench trial on MLM's claims against Harris for civil conspiracy and fraud. The trial court then entered a final order denying MLM's claims against Harris, granting summary judgment to the defendants on MLM's declaratory judgment claim, and dismissing any claims by or against other parties.

On appeal, MLM contends that it had asserted a claim to rescind or void the insurance policies which was not rendered moot by its denial of coverage to Gordon, and the trial court therefore erred in dismissing its claim to void the policies and interplead the premium funds. That MLM could not proceed with a declaratory judgment claim was established by evidence of its correspondence to Gordon denying coverage, withdrawing its defense of Gordon in a separate action, and voiding the first policy and the second policy. As our Supreme Court has said,

> where the rights of the parties have already accrued and
> there are no circumstances showing any necessity for a

---

[1] Harris later dismissed her counterclaim.

determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct . . . the plaintiff is not entitled to a declaratory judgment.[2]

In other words, declaratory judgment affords protection from uncertainty as to future conduct, not from the adverse consequences of actions already undertaken.[3]

MLM argues that in addition to its declaratory judgment claim it also asserted claims to void the policies which constituted a claim for rescission. Although the word "rescind" does not appear in the complaint, "[c]ourts refrain from attaching too much importance to the merely formal parts of a complaint and construe pleadings so as to do substantial justice."[4] But our review of the complaint, as amended, shows it to be in substance what it claims to be.

In its complaint, MLM maintained that "[a] declaratory judgment is necessary to guide and protect MLM, from uncertainty and insecurity with respect to . . . the duty . . . of providing a defense to [Gordon] . . . and the duty . . . of satisfying any judgment . . . against [Gordon]." While a declaratory judgment is authorized when circumstances show "a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct,"[5] rescission is not characterized by uncertainty. To the contrary, "[i]f a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon discovery of the facts, at once announce his purpose and adhere to it."[6] Here, rather than firmly announcing its purpose, MLM complained that "MLM believes it is not obligated to provide liability coverage or a defense . . . [and] has issued a reservation of rights to [Gordon] . . . [and] MLM is in a position of doubt and uncertainty . . . ." This can be contrasted to *American Gen. Life Ins. Co. v. Schoenthal*

---

[2] *Morgan v. Guaranty Nat. Cos.*, 268 Ga. 343, 344 (489 SE2d 803) (1997) (citation and punctuation omitted).

[3] *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107, 110 (586 SE2d 228) (2003). Compare *Wilder v. Jefferson Ins. Co. &c.*, 252 Ga. App. 563, 564-565 (1) (555 SE2d 771) (2001) (actual controversy remained where insurer cancelled policy prospectively and did not unilaterally declare policy void for fraud, but notified insured it was litigating issue in declaratory judgment action).

[4] *Anderson v. Bruce*, 248 Ga. App. 733, 736 (2) (548 SE2d 638) (2001) (footnote omitted).

[5] *Baker v. City of Marietta*, 271 Ga. 210, 214 (518 SE2d 879) (1999) (citation and punctuation omitted).

[6] *Owens v. Union City Chrysler-Plymouth*, 210 Ga. App. 378, 380 (436 SE2d 94) (1993) (citation and punctuation omitted).

*Family, LLC*,[7] relied on by MLM, in which the insurer denied a claim for benefits and, on the same day, filed not only an action seeking a declaration that it was not liable to pay for the claim, but sought "rescission of the [policy] and interpleader to settle the disbursement of the refunded premiums . . . ."[8] Rather, MLM filed this declaratory judgment action and then, only after the fifth and last amendment to the complaint, took the firm position that the policies were void and provided no coverage to Gordon.

MLM points out that it, as did the insurer in *American General*, filed a claim to interplead the policy proceeds. But while an offer to return benefits of a contract is a fundamental characteristic of a rescission claim,[9] MLM did not file a claim to interplead the funds as part of the original complaint,[10] and assuming that its later-filed claim for interpleader was not too late for purposes of rescission, if return of the premiums was required,[11] the stated reason for the interpleader was that the premiums "may derive from fraudulently obtained funds obtained by the insured in connection with the [closing]."[12] Thus, MLM did not purport to restore the premiums to Gordon because it was asserting a claim to rescind the policies.[13]

Although MLM contended that the policies were void, and its fifth amendment to the complaint contains allegations that mirror OCGA § 33-24-7, which allows an insurer to void a policy for its

---

[7] 248 FRD 298 (N.D. Ga. 2008), aff'd, 555 F3d 1331 (11th Cir. 2009).

[8] Id. at 303 (I).

[9] "A contract may be rescinded at the instance of the party defrauded; but, in order to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of the contract if it is of any value." OCGA § 13-4-60.

[10] Generally, "[t]he rule requiring one who seeks the rescission of a contract on the ground of fraud to restore, or offer to restore, the consideration received, *as a condition precedent* to bringing the action, is settled in this State." *Novare Group, Inc. v. Sarif*, 290 Ga. 186, 188 (1) (718 SE2d 304) (2011) (citation and punctuation omitted; emphasis in original).

[11] We do not reach the issue of whether, if MLM had filed a rescission claim, it must have also returned or offered to return the paid premiums. Compare *Weems v. American Nat. Ins. Co.*, 197 Ga. 493, 497 (2) (29 SE2d 500) (1944) ("before a rescission can be had at the instance of the insurer, the insurer must restore or offer to restore to the other party whatever it has received by virtue of the contract, if it be of any value") and *Lively v. Southern Heritage Ins. Co.*, 256 Ga. App. 195, 197 (2) (568 SE2d 98) (2002) (return of premiums not necessary to assert defense that an insurance contract is void due to fraud in the inducement).

[12] Compare *American Gen.*, supra, 248 FRD at 309 (II) (B) (1) (a) (no waiver of rescission claim where original complaint included count to interplead the policy premiums, consistent with insurer's "intent, expressed since the inception of this case, to seek rescission of the" policy).

[13] The interpleader action appears to have been resolved in light of MLM's representation in its appellate brief that "the court ordered that [MLM's] premium reimbursement check be provided to Gordon, with Gordon's and the Plaintiff's consent."

insured's misrepresentations,[14] MLM placed its claims within the context of its decision to proceed under a reservation of rights while, in light of its uncertainty as to coverage, seeking declaratory judgment. The substance of the complaint was simply what MLM expressly stated it to be. Accordingly, we agree with the trial court that MLM, having taken a firm position as to its rights, was not entitled to a declaratory judgment for the purpose of seeking confirmation of its actions in denying coverage, withdrawing its defense, and voiding the insurance policies.[15]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 22, 2012.

*Nall & Miller, Mark D. Lefkow, Clinton F. Fletcher*, for appellant.
*Hartman, Simons, Spielman & Wood, Samuel R. Arden, Kristen A. Yadlosky, Irene B. Vander, Hunton & Williams, Charlotte M. Ritz, Peggy J. Golden, Steven P. Berne, Stephen D. Apolinsky, Tona L. Shrum*, for appellees.

---

[14] See *Pope v. Mercury Indem. Co. &c.*, 297 Ga. App. 535, 537-539 (1) (677 SE2d 693) (2009) (in action for rescission of insurance policy, trial court did not err in finding that the insured made a material misrepresentation to insurer to induce it to reinstate the insurance policy in question).

[15] See *Drawdy*, supra.