**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 23, 2016**

# In the Court of Appeals of Georgia

A15A1915. GEORGIA CASUALTY & SURETY COMPANY v. VALLEY WOOD, INC. et al.    BO-093

A15A1916. VALLEY WOOD, INC. v. GEORGIA CASUALTY & SURETY COMPANY.    BO-094

BOGGS, Judge.

Following a jury trial in this insurance coverage case, Georgia Casualty & Surety Company ("Georgia Casualty") appeals from a judgment in favor of Valley Wood, Inc. In Case No. A15A1915, Georgia Casualty asserts that the trial court erred in the following ways: (1) denying its motion for a directed verdict; (2) denying its request for jury charges concerning agency law and false statements; (3) instructing the jury on the theft by taking criminal statute and fraud; and (4) awarding prejudgment interest. In Case No. A15A1916, Valley Wood asserts that the trial court erred by granting a directed verdict in favor of Georgia Casualty on the issue of bad

faith damages under OCGA § 33-4-6 and denying its motion for a directed verdict in its favor on the same issue. For the reasons explained below, we reverse in Case No. A15A1915 and dismiss Case No. A15A1916.

*Case No. A15A1915*

1. Georgia Casualty asserts it was entitled to a directed verdict in its favor based upon OCGA § 33-24-7 (b). This code section provides, in part:

> Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
>
> (1) Fraudulent;
>
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>
> (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

The evidence introduced at trial shows that the co-owner of Valley Wood, Richard Ramey, obtained insurance coverage with Georgia Casualty through Valley Wood's insurance agent, J. Smith Lanier. It is undisputed that the insurance applications submitted by the Lanier agency to Georgia Casualty were not signed. Ramey testified that until the week before trial, he had never seen the application before. He denied being asked the questions in the application "by anybody," giving permission for anyone to answer the questions or being asked the type of questions in the application by anyone at the Lanier agency. No one from the Lanier agency testified at trial.

An underwriter with Georgia Casualty testified that he received the application through an email from the Lanier agency, that he would have rejected the application for crime coverage if the application had stated that Valley Wood did not audit with a certified public accountant and did not require countersignatures on checks, and that his underwriting decision was based upon the applications. Ramey admitted that Valley Wood did not perform full audits each year or require countersignatures on checks.

With these facts in mind, we must now determine whether Georgia Casualty was entitled to a directed verdict in its favor. "A directed verdict is authorized only

3

where 'there is no conflict in the evidence as to any material issue and the evidence (adduced), with all reasonable deductions therefrom, shall demand a particular verdict.' OCGA § 9-11-50 (a). [Cit.]" *Massachusetts Bay Ins. Co. v. Wooten*, 215 Ga. App. 386, 387 (2) (450 SE2d 857) (1994).

> Under OCGA § 33-24-7, misrepresentations, omissions, concealment of facts, and incorrect statements made by an insured during negotiations for an insurance policy will bar recovery under that policy where they were material either to the acceptance of the risk or to the hazard assumed by the insurer; or where the insurer in good faith would not have issued the policy or contract if the true facts had been known to the insurer. To avoid coverage under this statute, the insurer need only show that the representation was false and that it was material. A material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance. While ordinarily the question of materiality is for the jury, where the evidence excludes every reasonable inference except that the misrepresentation was material, the issue becomes a question of law for the court.

(Citations, punctuation and footnotes omitted.) *Pope v. Mercury Indem. Co. &c.*, 297 Ga. App. 535, 537-538 (1) (677 SE2d 693) (2009). It is well-established that the insurer need not show "actual knowledge of the falsity of misrepresentations in order

4

to prevent a recovery under the policy." *United Family Life Ins. Co. v. Shirley*, 242 Ga. 235, 237-238 (248 SE2d 635) (1978).

In this case, the undisputed evidence shows that the use of a CPA audit and a requirement that checks be countersigned were material to Georgia Casualty's decision to issue crime coverage to Valley Wood and that it would not have issued the policy if it had known the true facts. "Where the evidence shows that the insurer would not have issued the policy if it had been aware of the true facts, the evidence demands a finding that the omissions or misrepresentations were material to the acceptance of the risk." (Citation, punctuation and footnote omitted.) *Pope*, supra, 297 Ga. App. at 538 (1).

To the extent Valley Wood argues that it cannot be bound by misrepresentations in an unsigned application submitted by its insurance agent, we conclude that these arguments have no merit. "Independent insurance agents or brokers are generally considered the agent of the insured, not the insurer." (Citation omitted.) *Canal Ins. Co. v. Harrison*, 189 Ga. App. 681, 683 (1) (376 SE2d 923) (1988). And a "principal shall be bound by all representations made by his agent in the business of his agency and also by his willful concealment of material facts, although they are unknown to the principal and known only by the agent." (Citation,

punctuation and footnote omitted.) *Assaf v. Cincinnati Ins. Co.*, 327 Ga. App. 475, 479 (1) (759 SE2d 557) (2014). In this case, the undisputed evidence shows that the Lanier agency was authorized to procure insurance on behalf of Valley Wood, and its conduct in submitting an application for insurance would undoubtedly fall within the scope of its agency relationship.

We also find no merit in Valley Wood's claim that Georgia Casualty's failure to timely rescind the policy and return its insurance premiums precludes a directed verdict in Georgia Casualty's favor. In this case, Georgia Casualty sought "a declaration that the insurance policy is void because Valley Wood made misrepresentations in its applications for insurance to Georgia Casualty." If Georgia Casualty had rescinded the policy and returned the premium, it would no longer have had uncertainty with regard to future conduct and this would have destroyed its claim for declaratory relief. See *Minnesota Lawyers Mut. Ins. Co. v. Gordon*, 315 Ga. App. 72, 73-76 (726 SE2d 562) (2012) (insurer not entitled to declaratory judgment after it voided insurance policies). Compare *Sentry Indem. Co. v. Brady*, 153 Ga. App. 168, 169-170 (264 SE2d 702) (1979) (insurer sought declaratory judgment that policy void based upon material misrepresentations in the application).

6

The purpose of the Declaratory Judgment Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. OCGA § 9-4-1. The law is well established that declaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act -- as where an insurance company has already denied a claim. That is because declaratory judgment is not available to a party merely to test the viability of its defenses.

(Citations and punctuation omitted.) *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107, 109 (586 SE2d 228) (2003). As a sister state has recognized,

An insurer may file a declaratory action in order to determine whether an insurance policy is voidable. Although a prerequisite to rescission is placing the other party in the status quo ante, it does not follow that the insurer must allege a return of premiums when seeking a declaratory judgment that it is entitled to void the policy. An insurer may want to know whether a policy is, in fact, voidable before seeking to rescind the policy, and a declaratory judgment is an appropriate means to that end.

(Citations and punctuation omitted.) *Transp. Cas. Ins. Co. v. Soil Tech Distrib.*, 966 So.2d 8, 10 (Fla. Ct. App. 2007).

For all of the above-stated reasons, we reverse the trial court's denial of a directed verdict in favor of Georgia Casualty on the issue of whether the policy was void based upon misrepresentations in the application.

7

2. Georgia Casualty's remaining enumerations of error are rendered moot by our holding in Division 1.

*Case No. A15A1916*

Because Valley Wood's claims of error are rendered moot by our holding in Division 1, we dismiss Case No. A15A1916.

*Judgment reversed in Case No. A15A1915. Appeal dismissed in Case No. A15A1916. Doyle, C. J. and Phipps, P. J., concur.*

8

*On Motion for Reconsideration*

In a motion for reconsideration, Valley Wood asserts that Georgia Casualty should be estopped from seeking a declaration that the policy was void due to misrepresentations in the applications because it sought this declaration for the first time in an amended complaint filed in October 2014, over eight years after it first filed its declaratory judgment action on other grounds. But even if we were to assume, without deciding, that Georgia Casualty possessed the facts necessary to seek a declaratory judgment on the issue of misrepresentation in the application at the time it filed its initial complaint, Valley Wood has waived the issue of estoppel. "A failure to raise an affirmative defense prior to trial waives that defense." *Habel v. Tavormina*, 266 Ga. App. 613, 617-618 (2) (597 SE2d 645) (2004).  Estoppel is an affirmative defense that must be pled. OCGA § 9-11-8 (c); *Nacoochee Corp. v. Suwanee Investment Partners*, 275 Ga. App. 444, 447 (2) (620 SE2d 641) (2005). "Affirmative defenses not raised by answer, or amendment, or by timely motion are waived." (Citations omitted.) *Morgan v. Wachovia Bank*, 237 Ga. App. 257, 257-258 (1) (514 SE2d 239) (1999).[1]

---

[1] We note that the jury was not charged on estoppel or waiver or asked to make a finding on this issue in the special verdict form. See OCGA § 9-4-6 ("When a declaration of right . . .  involves the determination of issues of fact triable by a jury and jury trial is not waived, the issues shall be submitted to a jury of 12 in the form

Additionally, an insurer is *not required* to promptly rescind a policy and return the premium before seeking a declaratory judgment on whether it is entitled to void a policy based upon application misrepresentations, as we correctly held in our original opinion. It follows that an insurer should not be estopped from seeking such a declaration because it did not raise the issue when it first filed a declaratory judgment on other grounds. The cases upon which Valley Wood relies to argue to the contrary are distinguishable because they involve *denials* of coverage. See *Weems v. American Nat. Ins. Co.*, 197 Ga. 493 (29 SE2d 500) (1944); *Minnesota Lawyers Mut. Ins. Co. v. Gordon*, 315 Ga. App. 72 (726 SE2d 562) (2012); *Lively v. Southern Heritage Ins. Co.*, 256 Ga. App. 195, 198-199 (2) (568 SE2d 98) (2002); *Thompson v. Permanent Gen. Assur. Corp.*, 238 Ga. App. 450 (519 SE2d 249) (1999); *Florida Intl. Indemnity Co. v. Osgood*, 233 Ga. App. 111 (503 SE2d 371) (1998); *Haugseth v. Cotton States Mut. Ins. Co.*, 192 Ga. App. 853 (386 SE2d 725) (1989). And here, as pointed out by Georgia Casualty, there was no danger that the insured was lulled into not purchasing other insurance because it is undisputed that Georgia Casualty did not renew Valley Wood's policy *before* Valley Wood submitted a proof of loss in this

of interrogatories, with proper instructions by the court, whether a general verdict is required or not.") Valley Wood did not object after the trial court's charge or assert that this issue should have been included in the special verdict form.

2

case. See *Osgood*, supra, 233 Ga. App. at 113-114 (1) (noting reason behind rule requiring prompt rescission "in insurance cases is that leading the insured to believe the validity of the policy is not questioned lulls the insured into not purchasing other insurance and thus subjects the insured's property to continuing non-coverage").

For the above-stated reasons, Valley Wood's Motion for Reconsideration is denied.