**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 7, 2018**

# In the Court of Appeals of Georgia

A17A2093. GEORGIA CASUALTY & SURETY COMPANY v.
    VALLEY WOOD, INC.

MCMILLIAN, Judge.

This long-standing insurance coverage case once again appears before this Court – this time to answer the question of the effect of this Court's prior decision in *Georgia Casualty & Surety Co. v. Valley Wood, Inc.*, 336 Ga. App. 795 (783 SE2d 441) (2016) ("*Georgia Casualty I*") and whether the trial court properly entered judgment on remand. Because we find that the trial court exceeded its authority under the Declaratory Judgment Act, we vacate the order below and remand the case with direction.

Although the relevant facts are set forth in our prior opinion, we will briefly summarize them here for context. In 2002 and 2003, Richard Ramey, co-owner of

Valley Wood, Inc. ("Valley Wood"), obtained insurance coverage with Georgia Casualty & Surety Co. ("Georgia Casualty") through Valley Wood's insurance agent, J. Smith Lanier.[1] *Georgia Casualty I*, 336 Ga. App. at 795-96. In 2005, Valley Wood submitted a claim to Georgia Casualty for losses allegedly caused by forgery and fraud committed by a Valley Wood employee and demanded coverage under the Policy. In 2006, Georgia Casualty filed a declaratory judgment action, seeking a declaration that there was no coverage because the policy definitions and exclusions did not provide coverage for Valley Wood's claim. Over eight years later and shortly before trial, Georgia Casualty amended its complaint, further seeking a declaration that the Policy was void because Valley Wood made misrepresentations in its applications for coverage.

The case went to jury trial in November 2014. At trial, Georgia Casualty presented evidence that the policy applications submitted by Lanier to Georgia Casualty were not signed, and Ramey testified that he had never seen the applications until just prior to trial and had never given anyone permission to answer the questions in the applications. *Georgia Casualty I*, 336 Ga. App. at 796. A Georgia Casualty underwriter testified that he received the application via email from Lanier and that

---

[1] We will refer to this coverage as the Policy.

he would have rejected the application for crime coverage if the application had stated that Valley Wood did not audit with a certified public accountant and did not require countersignatures on checks. Id. Ramey admitted that Valley Wood did not perform such audits every year or require countersignatures. At the close of evidence, Georgia Casualty moved for directed verdict on its declaratory judgment claims, which was denied.

On appeal, this Court reversed the denial of a directed verdict in favor of Georgia Casualty on the issue of whether the policy was void based on misrepresentations in the application, relying on OCGA § 33-24-7 (b).[2] *Georgia*

_____

[2] OCGA § 33-24-7 (b) provides:

Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

(1) Fraudulent;

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an

3

*Casualty I*, 336 Ga. App. at 795. Valley Wood moved for reconsideration on the grounds that Georgia Casualty was estopped from seeking a declaration that the policy was void, which was denied, but with the addition of an explanation for the denial. See *Georgia Casualty I*, 336 Ga. App. at 799.[3]

On remand, the trial court entered an order on December 21, 2017, adopting this Court's order as the judgment below. However, Valley Wood thereafter filed a motion entitled "Motion for an Entry of Final Judgment Consistent With the Court of Appeals' Decision." Georgia Casualty opposed this motion, and in February 2017, the trial court conducted a hearing on Valley Wood's motion. In April 2017, the trial court entered Valley Wood's proposed order, which declared the policy void because of material misrepresentations in the application, but further stated that:

> Georgia Casualty has the right to elect whether to rescind the policy as of the date of the application or to affirm the policy and provide coverage. Since there has not been a finding or allegation of an actual

amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

[3] Valley Wood also filed a petition for writ of certiorari to the Georgia Supreme Court, which was unanimously denied.

fraud with a willful purpose to deceive on the part of Valley Wood, . . . if Georgia Casualty elects to rescind the policy, it must restore all of the premiums paid with interest of 7% per year to Valley Wood.

This latest appeal followed.

1. In its second enumeration of error, Georgia Casualty asserts that the trial court violated the Declaratory Judgment Act by issuing a coercive declaratory judgment. We agree.

Georgia's Declaratory Judgment Act "gives superior courts the power to declare rights and other legal relations of any interested party in cases of actual controversy . . . and in any civil case in which it appears to the court that the ends of justice require that the declaration should be made." (Citations and punctuation omitted.) *Georgiacarry.Org, Inc. v. Atlanta Botanical Garden, Inc.*, 299 Ga. 26, 28 (1) (785 SE2d 874) (2016). "The distinctive characteristic of a declaratory judgment is that the declaration stands by itself and does not seek execution or performance by the defendant." (Citation and punctuation omitted.) *Gelfand v. Gelfand*, 281 Ga. 40, 40 (635 SE2d 770) (2006) (wife may not use declaratory judgment action to compel husband to provide additional funds). Thus, "[t]he proper scope of declaratory judgment is to adjudge those rights among parties on which their *future* conduct

5

depends." (Citation and punctuation omitted; emphasis added.) *Georgiacarry.Org, Inc.*, 299 Ga. at 28 (1). And any relief, if granted, must be fashioned as "simply a declaration of rights [that] requires no action on the part of the [defendant] or anyone else." Id. at 31 (1).

Here, the trial court did more than simply declare the Policy void due to Valley Wood's misrepresentations, it also found that Georgia Casualty was required to make an election – either affirm the Policy and provide coverage or rescind the policy and repay the premiums – based on that declaration. However, the Declaratory Judgment Act does not permit this type of relief. Rather, it merely permits a trial court to "simply declare[] the rights of the parties or express[] its opinion on a question of law, without ordering anything to be done." (Citation and punctuation omitted.) *Agan v. State*, 272 Ga. 540, 542 (2) (533 SE2d 60) (2000). See also *Burgess v. Burgess*, 210 Ga. 380, 382-83 (2) (80 SE2d 280) (1954) ("The legislative intent and purpose of our declaratory judgment act is to relieve against uncertainty and insecurity; to declare rights, status, and legal relations, but not to execute remedies or grant coercive relief.") (citation and punctuation omitted).

> The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated.

6

Its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole.

(Citation and punctuation omitted.) *Slaughter v. Faust*, 155 Ga. App. 68, 69 (1) (270 SE2d 218) (1980). Having illuminated Georgia Casualty's steps by declaring the Policy void, the declaratory judgment action is now complete. Accordingly, the order of the trial court is vacated and this case is remanded. On remittitur, the trial court is directed to enter an order granting Georgia Casualty's motion for directed verdict on the issue of whether the Policy was void based upon misrepresentations in the application as set out in *Georgia Casualty I*.

2. Based on our holding in Division 1, Georgia Casualty's remaining enumerations of error are rendered moot. Having reaffirmed that the Policy is void, we offer no opinion as to Georgia Casualty's or Valley Wood's next steps.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Mercier, J., concur*.

7